### Oliver Goldsmith v. Margaret Goldsmith.

On an appeal from chancery in a divorce case, the Supreme Court has power to allow the wife temporary alimony, and to compel the husband to furnish her with pecuniary means to prosecute or defend the appeal.

That the decree in the court below was adverse to the wife *Held* not of itself sufficient ground for denying a motion for such allowance; which was accordingly made on the Court being satisfied by certificates of counsel that the appeal had been taken on her behalf in good faith, and the allowance being shown to be necessary to enable her to prosecute such appeal.

Such order vacated on its being shown by affidavits that the appellant had been guilty of repeated acts of adultery pending the appeal.

*Heard May 4th.    Decided May 7th.*

Appeal from Wayne Circuit in Chancery.

The bill was filed for a divorce on the ground of adultery, alleged to have been committed by the wife. The answer denied the charge under oath. On the hearing, upon proofs, in the court below, a decree was made in accordance with the prayer of the bill, from which defendant appealed. Temporary alimony had been granted, which ceased on entry of decree.

*C. I. Walker,* for defendant, now applied for temporary alimony pending the appeal, and for an allowance to enable her to prosecute such appeal. He read the affidavit of defendant, that she was entirely without means of her own, except as she earned them by the labor of her hands; and, also, the certificate of two counsel, that they had examined the case, and considered it a proper one for an appeal, and had accordingly advised an appeal being taken.

*A. B. Maynard*, *contra*, objected, that this Court has no. power to make such allowance, but is only empowered by the statute to review and pass upon the proceedings and decree. appealed from. And he claimed, that, if the Court had the power, it would be improper to exercise it in a case like this, where defendant stands convicted by the decree of the court below of the adultery charged against her.

MANNING J.:

The power to allow temporary alimony pending proceedings for a divorce, and to compel the husband to furnish the wife with pecuniary means to defend or prosecute the suit on her behalf, is incident to divorce cases. It is necessary to the ends of justice. Without this power in the Court, the wife that should have no separate property of her own, would be without the requisite means of prosecuting or defending the suit, and of supporting herself in the mean time. The statute relative to divorces says: '"The Court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency," but makes no mention of temporary alimony. So far as the statute goes, it is only confirmatory of the common law, which had been acted upon by our courts before we had any statutory provisions on the subject.—*Story v. Story, Walk. Ch.* 421.[*]

The decree below having been adverse to the wife is not, we think, of itself a sufficient ground for denying the motion. The certificate of two counsel shows the appeal was taken in good faith. We think this sufficient to warrant us in exercising the discretion with which we are vested.[†]

The other Justices concurred.

*Motion granted.*

[*] See also *McGee v. McGee*, 10 *Ga.* 477; *Patterson v. Patterson*, 1 *Hulst. Ch.* 389; *Amos v. Amos*, 3 *Green Ch.* 171; *Mix v. Mix*, 1 *Johns. Ch.* 108; and *North v. North*, 1 *Barb. Ch.* 241.

[†] The wife is entitled to temporary alimony up to final decree, notwithstanding a jury, upon a feigned issue, has given a verdict of adultery against her.—*Stanford v. Stanford*, 1 *Edw. Ch.* 317. And see. *Williams v. Williams*, 3 *Barb. Ch.* 628.

On a subsequent day, on affidavits showing that defendant had been guilty of repeated acts of adultery pending this appeal, *Maynard* moved for an order vacating the allowance of alimony above made.

The counsel for defendant, now declining any further to appear in the case, the Court, on looking over the affidavits, granted the motion.