SOVEREIGN v. SOVEREIGN.

1. EQUITY—JURISDICTION—CUSTODY OF CHILDREN—ATTORNEY FEES FOR WIFE.

A court of equity in the exercise of its inherent jurisdiction in a proceeding to determine the custody of children between parents who were not divorced, has the power to make an award to the wife for attorney fees and expenses of suit to the end that she may be afforded opportunity for a fair presentation of her case.

2. SAME—JURISDICTION—CUSTODY OF CHILDREN—ATTORNEY FEES—EXPENSES.

A mother is entitled to be heard in any proceeding instituted for the purpose of fixing the custody of her minor child as the court is primarily concerned with the best interests of such child, and where the mother is without resources to present her case properly, the court, incidental to the exercise of its inherent jurisdiction in such cases, may make an award to the wife to cover such attorney fees and expenses as may be deemed fair and reasonable under all the circumstances of the case.

Appeal from Bay; Louis (David R.), J. Submitted October 4, 1960. (Docket No. 4, Calendar No. 48,391.) Decided December 1, 1960.

Petition by Will F. Sovereign against Mary K. Sovereign, originally for annulment, amended to

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 19 Am Jur, Equity § 152.

ask determination of custody of child independent of any other proceeding. Following appeal in this Court (354 Mich 65) decree for plaintiff entered. No costs allowed defendant wife, who appeals. Reversed and remanded for determination of propriety for cost allowance and amount thereof.

*Poppen, Street & Sorensen (Harold M. Street,* of counsel), for plaintiff.

*Irving M. Hart,* for defendant.

CARR, J. In divorce proceedings instituted by Mary K. Sovereign, defendant in the instant proceeding, a decree granted to the husband on his cross-bill was reversed and set aside by this Court in *Sovereign* v. *Sovereign,* 347 Mich 205. Subsequently thereto the husband, under date of February 18, 1957, filed a petition to annul the marriage, asking also that the custody of the minor child of the parties be granted to him and that the court determine property rights. Motion to dismiss was interposed, based in part on the determination of the prior divorce action. Thereafter the petition was amended in such manner as to delete the prayer for annulment of the marriage and for determination of property rights, petitioner expressly asking that the petition be treated as one addressed to the court seeking a determination of rights of custody of the child without reference to other questions. The motion to dismiss was granted by the trial court, the circuit judge being of the opinion that he was without authority to determine such question of custody.

From the order so entered petitioner appealed to this Court which determined (*Sovereign* v. *Sovereign,* 354 Mich 65) that the situation presented was of such character that the circuit court possessed

jurisdiction by virtue of its inherent chancery powers, there being no specific statutory remedy available. The proceeding was accordingly remanded to the circuit court for hearing on the petition. Following the introduction of some proofs before the circuit judge the parties entered into a stipulation on the basis of which a decree was entered granting to the petitioner the custody of the minor child pending arrival at the age of 18 years or until the further order of the court, with certain rights of visitation to defendant. It appears from the record that the child whose custody was in question had lived with petitioner for approximately 2 years prior to the hearing.

In the course of the proceeding counsel for Mrs. Sovereign moved the court for an order for the allowance of expense money and attorney fees to enable her to properly present her claims. The motion was denied and the trial court subsequently refused to make provision in the final order or decree entered for expense money, including an attorney fee. The reason for such refusal was indicated in the following provision in said decree:

"And this court doth further find, order, adjudge and decree, that it has no authority to order any attorney fees, or expenses of suit for the benefit of counsel for Mary K. Sovereign, and therefore makes no provision therefor."

From such provision of the decree defendant has appealed, asserting in substance that the trial judge was in error in concluding that he did not have authority to enter an order for attorney fees and expenses. Such claim presents the sole question at issue before this Court.

Counsel for petitioner asserts that the circuit judge was right in concluding that he had no authority to make an order of the nature sought,

Reliance is placed on the fact that there is no provision of statute or of court rule authorizing the payment of an attorney fee or expenses in a proceeding involving solely the matter of custody of a minor child, or children, of parents who have separated, without termination of the marital relation. In the instant proceeding, however, as appears from the decision of this Court above cited (354 Mich 65) the jurisdiction of the circuit court to hear and determine the matter of custody of the child of the parties was not based on statute or rule but, rather, on the inherent general power of a court of equity, not inconsistent with pertinent constitutional provisions and the statutes of the State relating to the care and protection of minor children. In consequence the question before us is whether the making of the order sought on behalf of defendant may be regarded as properly embraced in, and incidental to, the exercise of jurisdiction over the proceeding to determine custody.

In support of their contention counsel for petitioner have cited *Finlay* v. *Finlay,* 240 NY 429 (148 NE 624, 40 ALR 937). In that case the father of minor children brought an action against his wife in a New York court to obtain custody of said children. It appears that the husband and wife were separated, and that petitioner was living in Missouri. In determining whether such action would lie the court of appeals of New York discussed at some length the question of jurisdiction in an action brought solely to determine the custody of infant children irrespective of statute, concluding that such custody was to be regulated either under writ of habeas corpus* or by petition to the chancellor. It was declared that the latter remedy was not one by suit, and that the chancellor in acting thereon did

---

* See *In re Knott,* 162 Mich 10.

not proceed upon the theory that a petitioner had a cause of action against the other parent but acted solely as *parens patriae* to determine the best interests of the child, or children, concerned. It was held that the plaintiff in his complaint had not properly invoked the paternal jurisdiction of the court and had failed to show whether the divided custody sought would be for the best interests of the minor children or would operate to their detriment, and that, in consequence, the order of the appellate division of the trial court denying a motion for judgment on the pleadings should be reversed. The question of the allowance of expenses and attorney fee for the benefit of a mother of minor children whose custody is at issue, and who becomes a party to the proceeding, was not discussed.

Counsel for petitioner also rely on the holding of the supreme court of Nebraska in *Timmerman* v. *Timmerman*, 163 Neb 704 (81 NW2d 135, 65 ALR2d 1372). In that case the plaintiff wife brought suit seeking a divorce, custody of a minor child, and other relief applicable to divorce actions. The validity of the marriage was challenged by defendant's cross-petition. Defendant sought a decree declaring the marriage between the parties null and void, and further asking the right to custody of a minor child of the parties. Subsequent proceedings established that there was no valid marriage and that, in consequence, the child in question was born out of wedlock. It was held that under provisions of the Nebraska statute pertaining to the situation the court was empowered to determine the question of paternity. In entering its order the trial court had made provision for the support of the child, and had allowed an attorney's fee. The supreme court of the State concluded that such fee was improper, there being no authority of statute therefor. The court in its opinion cited with approval a statement

made in a prior decision to the effect that recovery of attorneys' fees and expenses depend on statute: or on a uniform course of procedure.

It will be noted that the Nebraska case did not involve the invoking of the inherent jurisdiction of a court of equity in proceedings involving the custody of minor children, and not inconsistent with the constitution, or the statute law of the State. The Nebraska court determined the matter before it by reference to statutory provisions, and in substance held that the attorney fee allowed in the trial court was improper because not so authorized. The case may not be regarded as directly in point in the situation now presented to this Court.

This proceeding is one of first impression in Michigan and, in consequence, this Court has not spoken directly on the issue involved in the appeal. In somewhat analogous situations, however, it has been held that a court of equity may make an award for attorney fees and expenses of suit to the end that a wife may be afforded opportunity for a fair presentation of her case. In *Webb* v. *Wayne Circuit Judge,* 144 Mich 674, the plaintiff brought suit against his wife to have a marriage declared void. The wife sought relief by way of alimony, temporary and permanent, and a decree of divorce. Upon petition, and after hearing, the court made an order for the payment to defendant of a solicitor's fee. Plaintiff did not comply with the order and the court refused to proceed until it had been obeyed. Mandamus was instituted in this Court to compel the circuit judge to proceed with the hearing. In denying the writ it was said:

"Relator contends that the court had no jurisdiction to make the order for expenses of defendant, because the provisions of CL 1897, § 8628, have no

application to proceedings under CL 1897, § 8618.*;
It is also contended that the court has no discretion
in the premises, because the answer of defendant, in
substance and effect, admits the invalidity of the
marriage.

"It is true that the statute does not in terms em-
power the court to require the husband to pay money
to the wife to enable her to carry on a suit like this
one. Neither does it in terms embrace the subject
of allowances for her support. The power to grant
allowances, however, has been held to be incident
to divorce cases. *Goldsmith* v. *Goldsmith,* 6. Mich
285; *Ross* v. *Ross,* 47 Mich 185; *Haines* v. *Haines,*
35 Mich 138. The reason asserted in *Goldsmith* v.
*Goldsmith, supra,* and in *Story* v. *Story,* Walk Ch,
(Mich) 421, for the exercise of this power, is that,
without this power in the court, the wife who should
have no separate property of her own would be with-
out the requisite means of prosecuting or defending
the suit and of supporting herself in the meantime.
The same reasoning applies, with equal force, in
cases like the present. The power of the court below
to make the order is affirmed. The brief for relator
admits that, if the court had jurisdiction to make
the order, it was and is in force."

In *Goldsmith* v. *Goldsmith,* 6 Mich 285, cited in the
*Webb Case,* the question at issue was the power of
the Court to allow temporary alimony pending pro-
ceedings for a divorce. Objection thereto was made
on the ground that there was no statutory authority
therefor. In rejecting the claim, it was said:

"The power to allow temporary alimony pending
proceedings for a divorce, and to compel the husband
to furnish the wife with pecuniary means to defend
or prosecute the suit on her behalf, is incident to
divorce cases. It is necessary to the ends of justice.
Without this power in the court, the wife that should

---

* Currently, CLS 1956, § 552.13 (Stat Ann 1957 Rev § 25.93), and
CL 1948, § 552.3 (Stat Ann 1957 Rev § 25.83), respectively.—RE-
PORTER.

have no separate property of her own, would be without the requisite means of prosecuting or defending the suit, and of supporting herself in the meantime. The statute relative to divorces says: "The court may, in its discretion, require the husband to pay any sum necessary to enable the wife to carry on or defend the suit during its pendency,' but makes no mention of temporary alimony. So far as the statute goes, it is only confirmatory of the common law, which had been acted upon by our courts before we had any statutory provisions on the subject. *Story* v. *Story,* Walk Ch 421."

In *Gard* v. *Gard,* 204 Mich 255 (11 ALR 923), the plaintiff brought suit to annul a marriage on the ground of fraud by which, as it was claimed, he was induced to go through a marriage ceremony with the defendant. A decree for plaintiff was entered, and the defendant appealed. On the basis of the proofs in the case the decree of annulment was affirmed. It was held further that defendant had the right to appeal to this Court and an allowance by way of attorney fees in the sum of $200 was made to her.

We think the reasoning of these decisions support the claim of appellant that the circuit court in the instant proceeding had authority, if the factual situation fairly indicated that she was equitably entitled thereto, to grant her request for an attorney fee and for expenses. Such authority may be considered as implied from the nature of the proceeding. In any proceeding instituted for the purpose of fixing the custody of a minor child, a proceeding in which the trial court is primarily concerned with the best interests of such child, the mother is entitled to be heard. It would scarcely be consistent with ordinary principles of equity and justice to hold that in such a proceeding instituted by a father of the minor child, or children, he alone is concerned. Whether we regard the proceeding as adversary in nature, or

otherwise, the practical situation is unchanged. Petitioner in the instant case obviously recognized the right of defendant to be heard and to present facts for the consideration of the court to the end that a proper determination might be reached. If under such circumstances a wife is unable because of lack of resources of her own to properly present her claim and to assist the court in the protection of the rights of her minor child, we conclude that the court has the authority, incidental to jurisdiction to hear and determine the matter of custody, to make such an award to cover attorney fees and expenses as may be deemed fair and reasonable under all the circumstances of the case. The prior decisions of this Court, above cited, tend, by analogy, to support such conclusion.

Whether such an order should in fact be made, and if so the amount thereof, are questions primarily for the determination of the trial judge. An order will accordingly enter remanding the proceeding to the circuit court for a decision as to the propriety of an order of the character sought and, if the issue is decided in favor of defendant, the fixing of the amount thereof. The decree as entered will be amended in accordance with this opinion, and defendant may have costs on the appeal.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.