SOVEREIGN *v.* SOVEREIGN.

1. DIVORCE—ATTORNEY FEES—AVAILABILITY OF CHAMPERTY AS DEFENSE.

The defense of champerty, not interposed by plaintiff husband in divorce suit when defendant wife's attorney made objections to proposed decree and made a motion for attorney fees, but which defense arose later *held*, not interposable to claim of wife's attorney, where the attorney averred in the motion that because of the wife's impoverished condition the husband should be required to pay reasonable attorney fees and costs, the attorney not having relied upon the agreement claimed to be champertous and the order allowing attorney fees was not based upon the claimed agreement.

2. ATTORNEY AND CLIENT—FEES—DIVORCE—CUSTODY OF CHILDREN.

Allowance of $3,956.19 to attorney for defendant wife in controversy between husband and wife involving suit for divorce and custody of children wherein there were 2 appeals to the Supreme Court *held*, within the statutory power of the trial court in the divorce proceedings and within the specific mandate of the Supreme Court in the child custody case (CLS 1956, § 552.13).

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 166, 217, 229.
·  17, 17A Am Jur, Divorce and Separation §§ 647, 652, 895.
   Right to allowance of counsel fees to wife in action for divorce or separation, as affected by misconduct or lack of good faith of her attorney. 150 ALR 1181.
[2] 17 Am Jur, Divorce and Separation § 636.

Appeal from Bay; Smith (Richard G.), J. Submitted October 4, 1962. (Calendar No. 26, Docket No. 49,664.) Decided September 4, 1963.

Bills by Will F. Sovereign against Mary K. Sovereign for custody of children and for divorce, the latter resulting in decree. Motion granted, in consolidated cases, for order for attorney fees and costs payable to attorney for defendant. Plaintiff appeals. Affirmed.

*Poppen, Street & Sorensen* (*Harold M. Street,* of counsel), for plaintiff.

*Irving M. Hart* (*Walter Martin,* of counsel), for defendant.

Per Curiam. This appeal is from an order for attorney fees and costs entered by the circuit court in 2 domestic relations cases involving the Sovereigns. One case was termed "the custody case", and the other, "the divorce case." Both are adequately identified in the record.

We quote from the trial judge's opinion:

· "It was agreed upon between counsel that the question of attorney fees and costs in both cases hereinbefore referred to would be heard at the same time. Extensive testimony was taken over a 2-day period at which time the court examined the exhibits presented by counsel as well as considered oral arguments in favor of their respective positions. * * *

"The court had ample opportunity during the trial of the divorce case as well as the testimony presented relative to attorney fees to consider the financial condition of Mary K. Sovereign as well as her ability to find and hold a job. Findings of fact relative to this subject were set forth in the court's opinion in the divorce case. Suffice it to say that the court

finds that Mrs. Sovereign was only sporadically employed over the period of time that these 2 cases were being contested. She did not have sufficient funds with which to employ counsel nor to pay the costs incident to litigation. As indicated before, this litigation was vigorously pursued and resulted in 2 separate appeals to the Supreme Court of Michigan. The court determines that Mrs. Sovereign is entitled to a reasonable attorney fee as well as costs incurred as a result of these cases."

In this order, the court determined that appellant husband should pay the wife's attorney, for the 2 cases, the total sum of $3,956.19. Appellant does not claim on appeal that the amount so determined by the trial court is unreasonable. The defense he interposes is that said fees and costs are barred by reason of an alleged champertous agreement between the wife and her attorney. At the request of the husband's attorney, the wife's attorney introduced a letter into evidence. The letter was written by the wife to her attorney. It purports to be confirmation of an agreement between the parties. It sets forth an alleged agreement whereby the attorney is employed irrevocably in connection with domestic problems of the wife; it also allegedly promises that no property settlement or agreement would be made by the wife without knowledge and consent of her attorney. We come neither to the question of whether the letter constitutes affirmance of an agreement, nor to whether such an agreement would be champertous.

If there were such an agreement, it is not relied upon by the wife's attorney here. This particular portion of the Sovereign battle was initiated by the wife's attorney in a pleading entitled "Objections to proposed decree and motion for attorney fees." It averred that the court had made no provision in the decree for fees and that because of the wife's im-

poverished condition the husband should be required to pay reasonable attorney fees and costs. The motion was contested by the husband. The defense of champerty was not interposed at the time of the pleading, but arose later.

The alleged agreement was not relied upon by the wife's attorney in pursuit of his claim for fees and costs. He neither sought consideration under the alleged agreement nor was the order based thereupon. Therefore, without passing judgment on the letter in any way, we hold simply that it cannot be interposed as a defense to this claim for the reasons cited. The trial court was within the exercise of its statutory powers, CLS 1956, § 552.13 (Stat Ann 1957 Rev § 25.93), and also, with respect to the custody case, the specific mandate of this Court. *Sovereign v. Sovereign,* 361 Mich 528 (82 ALR2d 1083).

The order is affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.