18887

Joyce Young BOND, Respondent, v. Joseph Clifford BOND, Jr., Appellant

(166 S. E. (2d) 302)

364

*Messrs. Frank L. Taylor, Geddes H. Martin, and William J. Nicholson,* of Columbia, *for Appellant,*

*Messrs. Kneece & Kneece* and *Roy E. Garris, Jr.,* of Columbia, *for Respondent,* 

March 11, 1969.

LEWIS, Justice.

This action by the wife for a divorce on the ground of desertion and for other relief was contested by the husband. In response to the issues raised by the pleadings, Judge John A. Mason of the Richland County Court, before whom the case was tried, issued a decree granting to the wife (1) an absolute divorce on the grounds of desertion; (2) custody of the children of the marriage, with visitation rights to the husband; (3) support for the children in the amount of $75.00 every two weeks, reserving a decision on the right of the wife to alimony; and (4) counsel fees for her attorney in this action in the amount of $350.00. The husband has appealed under exceptions which charge that the record fails to support, in each particular, the foregoing judgment of the lower court.

The first question to be decided is whether the testimony was sufficient to sustain the finding of the lower court that

the wife was entitled to a divorce upon the ground of desertion.

The parties were married on December 31, 1960, and apparently lived together in harmony until January, 1966. At least there is no testimony to the contrary. They have three children, whose ages at the time of the hearing were as follows: Cynthia Diane, age six; Kathryn Rachelle, age four; and Jennifer Marie, age two.

The family was residing in Norfolk, Virginia, in 1965, where the husband was employed. In December of that year they went to Birmingham, Alabama, for the purpose of visiting with the husband's mother during the Christmas season. While there, the husband decided to give up his job in Norfolk and seek employment in the Birmingham area. He was not successful in obtaining immediate employment and the question of the family finances arose. The husband's mother was a widow and, although she owned her home, she frankly informed her son and his wife that she was financially unable to support them for any great length of time. As a result of these discussions, the wife decided to return to the home of her parents in Columbia, South Carolina. Accordingly, on January 17, 1966, the wife returned to her parents in Columbia, taking the three children with her. She and the children have resided in Columbia since that time. The husband has continued to reside in Birmingham, making five or six trips to Columbia during this time but seeing the children only on two or three of the visits. This action was instituted on June 14, 1967.

The Statement of the Transcript of Record concedes that "from January 17, 1966, (the date of the separation), and especially from June, 1966, until October, 1967, the appellant (husband) endured serious financial difficulties." He was sick and confined to a veterans hospital for approximately three months during this period. It was not until about October, 1967, that he obtained substantial employment, at which time he secured a position as Probation and

Parole Supervisor with the State of Alabama. During the period of separation of the parties the husband's contributions to the support of the family have been admittedly sporadic and inadequate. It is reasonably inferable from the record that this has been due primarily to his serious financial difficulties. Regular support payments of approximately $150.00 per month were begun by the husband three months prior to the hearing in April, 1968.

From the separation of the parties on January 17, 1966, until the institution of this action, neither party made any offer to resume the marital relationship.

The wife brought this action for divorce on the ground that the husband had deserted her for the statutory period of one year prior to the institution of the action on June 14, 1967. The trial judge found that the parties separated in January, 1966, "under the conditions of a strained marital relationship" while they were visiting the husband's mother in Birmingham; that they have lived separate and apart since that time without the consent of the wife; that the husband had not requested the wife to return to live with him; and that the husband had abandoned and deserted the wife. The trial judge further found that the intent of the husband to abandon and desert the wife was manifested by (1) the infrequency of the husband's visits to see her and the children; and (2) the inadequate and sporadic nature of the support payments.

We think that the evidence is insufficient to sustain the finding of the lower court that the husband was guilty of desertion within the meaning of the divorce statute. This record shows that the return of the wife to her parents was apparently the result of a mutual understanding that economic necessities required it and neither contemplated at the time that it would be permanent.

A separation by mutual consent does not constitute a desertion. *Cleveland v. Cleveland,* 238 S. C. 547, 121 S. E. (2d) 98.

The record fails to show an intent to end the marriage at the time of the separation and there is no showing from which a reasonable conclusion can be drawn as to when any intent was formed to permanently cease the marital relationship, other than the certificate of the trial judge as to an unsuccessful attempt to effect a reconciliation. The wife was required to show that the husband deserted her and that such desertion continued for a period of at least one year prior to the institution of this action. This she has failed to do.

The husband next contends that it was error to award custody of the children to the wife and to require him to pay for their support in a home separate from his own. In addition to a divorce, the wife also sought a determination as to the children's custody and support. The fact that the wife was not entitled to a divorce did not deprive the court of the power to determine the other issues in the case, including those affecting the welfare of the children.

The children are of tender years and they have been in the custody of the mother since the separation in January, 1966. The parties continue to live separate and apart with efforts toward reconciliation unsucessful. No contention is made that the mother is not a proper and fit person to have custody of the children or that they have not been properly cared for by her. Neither is any question raised as to the adequacy of the visitation rights accorded the father, his duty to support them, or the amount thereof. Under these circumstances, there was no error in the order of the lower court touching the custody and support of the children.

The lower court ordered the husband to pay support for the children but reserved a decision as to the wife's right to alimony. The husband takes the position that, since the wife failed to establish ground for a divorce, the court should have held that she was not entitled to alimony and was in error in leaving the issue undecided.

The fact alone that the wife failed to show that she was entitled to a divorce on the ground of desertion did not preclude an award of alimony upon a proper showing. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629. We find no prejudice to the husband from the reservation of this issue for later determination.

Finally, it is contended that there was no basis for the allowance of fees for the wife's attorneys because (1) she failed to show any grounds for affirmative relief and (2) it appears that she was gainfully employed. The reasonableness of the amount ordered to be paid is not questioned.

It is well settled that the allowance of counsel fees ■ is a matter largely addressed to the discretion of the trial judge and the propriety of such an award must be determined in the light of the facts and circumstances of each case.

The authority to make an award to the wife for ■ attorney's fees existed as an incident to a determination of each of the separate issues in the action, that is, (1) the action for divorce [Section 20-112, 1962 Code of Laws]; (2) The claim for alimony [*Smith v. Smith,* 51 S. C. 379, 29 S. E. 227]; and (3) custody and support of the children [*Sovereign v. Sovereign,* 361 Mich. 528, 106 N. W. (2d) 146, 82 A. L. R. (2d) 1083 and the annotation beginning on page 1088].

We need not determine however whether under the ■ circumstances the failure of the wife to sustain her action for divorce deprived her of the right to an allowance for attorney's fees; for independently of other considerations, the requirement that the husband pay the fees of the wife's attorneys may be sustained as an incident to the determination of the question of alimony and matters affecting custody and support of the children.

The fact that the wife was gainfully employed did not necessarily deprive her of the right to an allowance for

counsel fees. *Murdock v. Murdock*, 243 S. C. 218, 133 S. E. (2d) 323. She testified that, although she had full time employment, her earnings were insufficient to support herself and the children; that the husband had failed to adequately provide for them; and that she was not financially able to pay her attorneys. This testimony is uncontradicted.

Under the circumstances, there was no abuse of discretion in awarding fees for the wife's attorneys.

Accordingly, that portion of the judgment of the lower court which grants a divorce to the wife is reversed. In all other respects the judgment is affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.