SCHOENSEE v BENNETT

Docket No. 198637. Submitted December 3, 1997, at Detroit. Decided February 27, 1998, at 9:10 A.M. Leave to appeal sought.

Kevin Schoensee brought an action in the Macomb Circuit Court against Anna R. Bennett, seeking custody of a child born to the never married parties. The court, Deborah A. Servitto, J., entered a series of interim orders directing the plaintiff to pay the defendant's attorney fees. After the fourth such order, the plaintiff objected and filed an interlocutory appeal, but he was unable to persuade the court to stay the proceedings pending appeal. Upon the defendant's motion to show cause why the plaintiff should not be held in contempt for failing to comply with the attorney fee order, the court entered an order finding the plaintiff in civil contempt unless he paid as ordered and assessing against the plaintiff's attorneys personally the costs incurred by the defendant in bringing her motion. The court found the plaintiff's attorneys in civil contempt for their failure to advise the plaintiff that he was required to comply with the attorney fee order. The court eventually awarded the parties joint legal custody and alternate physical custody of the child. The plaintiff appealed the orders directing him to pay the defendant's attorney fees and directing his attorneys to pay some of the defendant's costs.

The Court of Appeals held:

1. The plaintiff's claim that a trial court lacks authority to award attorney fees in a custody dispute involving unmarried parties is without merit. MCR 3.206(C)(2) permits the court to award attorney fees in a domestic relations action where the party requesting the fees alleges facts sufficient to show that the party is unable to bear the expense of the action and that the other party is able to pay. MCR 3.201(A)(1) makes this rule applicable to actions for custody of minors under the Child Custody Act, MCL 722.21 et seq.; MSA 25.312(1) et seq. Additionally, pursuant to MCL 722.27(1)(f); MSA 25.312(7)(1)(f), a court in a child custody dispute may take any other action considered to be necessary in the dispute, and MCL 722.26(1); MSA 25.312(6)(1) states that the Child Custody Act is equitable in nature and shall be liberally construed and applied to establish the rights of the child and the rights and duties of the parties.

2. The trial court did not abuse its discretion in determining that the award of attorney fees was necessary under the circumstances of the case. The plaintiff failed to establish that the amount of the award was not reasonable.

3. The trial court did not abuse its discretion in finding the plaintiff's attorneys in contempt. The award of attorney fees against the plaintiff was not a money judgment that was enforceable by execution only, the plaintiff's attorneys' failure to advise the plaintiff to comply with the trial court's attorney fee order had the same effect as telling the plaintiff not to comply, and the trial court could summarily punish contempt committed in the immediate view and presence of the court.

4. The matter must be remanded for a determination whether the defendant should be awarded reasonable appellate attorney fees pursuant to MCR 3.206(C).

Affirmed and remanded.

1. PARENT AND CHILD — CUSTODY ACTIONS — ATTORNEY FEES — UNMARRIED PARTIES.

A circuit court has the authority to award attorney fees in a child custody action involving unmarried parties (MCR 3.201[A][1], 3.206[C][2]; MCL 722.26[1], 722.27[1][f]; MSA 25.312[6][1], 25.312[7][1][f]).

2. COURTS — ATTORNEY FEES — APPEAL.

A trial court's decision to award attorney fees is reviewed on appeal for abuse of discretion; an abuse of discretion exists when the result is so palpably and grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion.

3. COURTS — CONTEMPT — APPEAL.

The issuance of an order of contempt is in the sound discretion of the trial court and is reviewed on appeal for abuse of discretion.

4. COURTS — CONTEMPT.

A court may summarily punish contempt when it is committed in the immediate view and presence of the court (MCL 600.1711[1]; MSA 27A.1711[1]).

*Miller and Shensky, P.C.* (by *Katherine Wainright Shensky*) and *Lori J. Finazzo*, for the plaintiff.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Paul J. O'Reilly*), for the defendant.

Before: KELLY, P.J., and CAVANAGH and N. J. LAMBROS*, JJ.

CAVANAGH, J. Plaintiff Kevin Schoensee appeals as of right the trial court orders requiring him to pay defendant Anna Bennett's attorney fees and expenses and sanctioning his attorneys for failing to instruct him of his obligation to comply with a court order. We affirm and remand for proceedings consistent with this opinion.

Plaintiff and a partner started Paragon Technologies, Inc., in 1986. Plaintiff and his partner have turned the business into a profitable entity and, as a result, plaintiff is relatively well off.

Plaintiff and defendant met in 1991, when defendant worked for plaintiff's company. Subsequently, plaintiff and defendant began living together, although they never married. On June 24, 1993, defendant gave birth to the couple's daughter, Shelby. In February 1994, the couple separated.

In March 1994, plaintiff sought custody of Shelby. The subsequent custody proceedings were acrimonious, to say the least. Discovery was extensive and unduly protracted. Plaintiff retained a private investigator and accused defendant of endangering Shelby's welfare. Defendant charged that plaintiff was lax in payment of child support. The motions and other paperwork generated by the proceedings take up five lower court files.

Near the beginning of 1995, plaintiff refused defendant's offer to settle the matter amicably. However, in January 1996, plaintiff finally consented to a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

settlement. On February 8, 1996, the trial court entered an order providing that plaintiff and defendant would share joint legal custody and alternate physical custody of Shelby.

During the course of the proceedings, several interim orders were entered requiring plaintiff to pay portions of defendant's attorney fees. Plaintiff did not challenge the first three orders, which required him to pay a total of $14,000 toward defendant's attorney fees. However, after defendant filed a motion for additional interim attorney fees in April 1995, a hearing to determine whether additional fees should be awarded was conducted before the friend of the court referee. At the conclusion of the hearing, the referee recommended that plaintiff be ordered to pay defendant's attorney an additional attorney fee in an amount equal to what he had paid his attorneys, less the payments already made to defendant's attorney.[1] Plaintiff challenged both the amount of the recommendation and the authority of the trial court to award attorney fees in a custody case involving unmarried parties.

On August 1, 1995, the trial court issued an opinion and order on defendant's motion for interim attorney fees. The trial court found that in 1994 plaintiff's net income was approximately $600,000. Defendant, who was employed as a secretary, had a net income of around $9,000. After reviewing the parties' respective net incomes and the actual amount plaintiff had already spent pursuing custody, the court concluded that defendant was unable to maintain an adequate defense without incurring legal fees that exceeded

---

[1] In addition to the $14,000 that plaintiff had paid defendant's attorney, counsel had received $1,400 from defendant.

her earning capacity. The court determined that it had authority to award attorney fees in this case, rejecting plaintiff's attempt to differentiate cases involving divorcing parents from those involving unmarried parents. The court explained: "[I]f Defendant cannot . . . build a case for her version of the best interests of the parties' daughter, there is a risk that a determination of the child's best interests will not truly be ascertained." The court therefore adopted the friend of the court recommendation and ordered plaintiff to pay defendant's counsel an additional $25,000, payable in three installments within ninety days of the issuance of its order.

On August 18, 1995, plaintiff filed a motion for leave to file an interlocutory appeal in this Court. In the trial court, plaintiff moved for a stay of the order to pay attorney fees; however, the trial court denied plaintiff's motion in an order dated September 12, 1995.

On October 4, 1995, defendant filed a motion for an ex parte order to show cause why plaintiff should not be held in civil contempt for failure to comply with the court's August 1, 1995, order. Attached to this motion was correspondence between defendant's attorney, Paul O'Reilly, and plaintiff's attorneys, Katherine Wainright Shensky and Lori Finazzo. In a letter dated September 12, 1995, the day the trial court denied plaintiff's motion for a stay, O'Reilly requested the first installment. The next day Shensky responded that O'Reilly would not be receiving the requested payment because plaintiff was filing a motion with this Court to stay the order, and they were awaiting a ruling on the matter. On September 14, 1995, O'Reilly offered to place the money into an escrow account

pending this Court's decision on plaintiff's motion. Shensky rejected O'Reilly's offer in a letter dated September 18, 1995, which stated, "Since we are appealing the Order of the Macomb County Circuit Court regarding the issuance of a stay, I cannot instruct my client to pay any portion of the Order."

A hearing was held on defendant's motion on October 16, 1995. The transcript of the hearing contains the following exchange:

*The Court*: All right. How much is due right now?

*Mr. O'Reilly*: Right now is due about sixteen thousand six hundred and sixty-six dollars.

*The Court*: All right, counselor?

*Ms. Finazzo*: If I may, your Honor. We never failed to comply with the Court's order.

*The Court*: So he's paid the money?

*Ms. Finazzo*: No, we took this Court's order and we sought the appropriate relief that this Court instructed us that we would have to do when we were here early September.

*The Court*: But that did not grant you a stay.

*Ms. Finazzo*: Yeah, but we requested—

*The Court*: Seeking a stay from the Court of Appeals does not stay the proceeding.

*Ms. Finazzo*: We understand that, your Honor, but we can do no more than seek that relief.

*The Court*: Right.

*Ms. Finazzo*: And what relief does my client have if he's to pay these funds? Mr. O'Reilly knows that Mr. Schoensee has the ability to pay these funds if the Court of Appeals does say that we have to do that.

*The Court*: All right, but what you're telling me is not— there is no law that says you can disobey a court order because you've sought a stay from the Court of Appeals.

\*     \*     \*

> That money will be paid today or your client will spend
> time in jail.

*   *   *

> *Ms. Finazzo*: Your Honor—
> *The Court*: I'm going to go one step further, Mr. O'Reilly.
> I'm going to access [sic] cost[s] against counselor for the
> necessity of this motion. Not against the client, against the
> attorneys.

On October 20, 1995, the court issued an order holding plaintiff in civil contempt for failure to comply with the August 1, 1995, order unless plaintiff paid $16,666 to O'Reilly by 4:00 P.M. on October 16, 1995. The court also ordered plaintiff's attorneys to pay all the reasonable attorney fees and costs incurred by defendant in filing her motion. Plaintiff's counsel filed a motion to vacate that portion of the order that sanctioned the attorneys personally. The court treated the motion as a motion for reconsideration, which it denied. On December 14, 1995, this Court denied plaintiff's motion for a stay of the trial court order, but remanded for consideration of plaintiff's claim that the amount of the attorney fees awarded was unreasonable.

Pursuant to an agreement between the parties, the friend of the court held an evidentiary hearing in February 1996. The hearing referee found that plaintiff's "efforts to flex his clearly superior financial muscles was [sic] a major factor in creating the extraordinary attorney fees incurred by both sides in this case." The referee further concluded that defendant's attorney would have committed malpractice had he adhered to the minimum level of advocacy assumed by plaintiff's argument. Accordingly, the referee recommended that

plaintiff be ordered to pay defendant's attorney the sum of $48,533.68.

On October 2, 1996, the trial court issued an opinion and order adopting the findings of the referee, but increasing the amount of the award to include the fees incurred by defendant's counsel in pursuing attorney fees. In all, the trial court ordered plaintiff to pay $58,388.40 to defendant's attorney. The trial court rejected plaintiff's argument that the amount was unreasonable, stating: "Although the issues involved in the various motions and discovery depositions where [sic] not particularly novel, the difficulties attendant with the number of motions, the number of documents filed requiring a response and the scheduling of depositions so as to move the litigation forward has [sic] been considerable." This appeal ensued.

I

Plaintiff first argues that the trial court lacked authority to award attorney fees in a custody dispute involving unmarried parties. This is a question of law. In child custody cases, questions of law are reviewed for clear legal error. MCL 722.28; MSA 25.312(8); *Fletcher v Fletcher*, 447 Mich 871, 876-877; 526 NW2d 889 (1994). A court commits legal error when it incorrectly chooses, interprets, or applies the law. *Id.* at 881.

Michigan follows the "American rule" regarding attorney fees. Under this rule, attorney fees are generally not recoverable unless a statute, court rule, or common-law exception provides to the contrary. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 474; 521 NW2d 831 (1994). MCR 3.206(C)(2) permits the court to award attorney fees in a domestic relations action

where the party requesting the fees alleges "facts sufficient to show that the party is unable to bear the expense of the action, and that the other party is able to pay." MCR 3.201(A)(1) makes this rule applicable to actions for custody of minors under the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*

Plaintiff contends that MCR 3.201 is insufficient to support an award of attorney fees because there is no statutory authority permitting an award of attorney fees in a custody dispute involving unmarried individuals. Plaintiff maintains that such rule making exceeds the competence of the Supreme Court because it amounts to a substantive rule of law rather than one regulating practice and procedure. However, this Court has rejected a similar argument with regard to the mediation rule requiring payment of attorney fees under certain circumstances. See *Gianetti Bros Constr Co, Inc v Pontiac*, 152 Mich App 648, 658; 394 NW2d 59 (1986).

Moreover, pursuant to MCL 722.27(1)(f); MSA 25.312(7)(1)(f), in a child custody dispute, the court may "[t]ake any other action considered to be necessary in a particular child custody dispute." In addition, MCL 722.26(1); MSA 25.312(6)(1) states: "This act is equitable in nature and shall be liberally construed and applied to establish promptly the rights of the child and the rights and duties of the parties involved."

The Supreme Court has determined that an award of attorney fees may be proper in a child custody case. The Court explained:

> Such authority may be considered as implied from the nature of the proceeding. In any proceeding instituted for the purpose of fixing the custody of a minor child, a pro-

ceeding in which the trial court is primarily concerned with the best interests of such child, the mother is entitled to be heard. It would scarcely be consistent with ordinary principles of equity and justice to hold that in such a proceeding instituted by a father of the minor child, or children, he alone is concerned. . . . If under such circumstances a wife is unable because of lack of resources of her own to properly present her claim and to assist the court in the protection of the rights of her minor child, we conclude that the court has the authority, incidental to jurisdiction to hear and determine the matter of custody, to make such an award to cover attorney fees and expenses as may be deemed fair and reasonable under all the circumstances of the case. [*Sovereign v Sovereign,* 361 Mich 528, 535-536; 106 NW2d 146 (1960).]

We are not persuaded by plaintiff's attempt to distinguish *Sovereign* on the basis that, unlike the instant case, the parties in *Sovereign* were married. The focus in child custody actions must be on the best interests of the child, regardless of the marital status of the parents. See *id.*

For all the above reasons, we conclude that the trial court did not commit clear legal error when it determined that it had the authority to make an award of attorney fees in this case. Accordingly, reversal is not required.

II

Plaintiff also argues that the trial court erred in awarding attorney fees because the award was neither necessary nor reasonable. The decision whether to award attorney fees is within the trial court's discretion and will be reviewed on appeal for an abuse of discretion. *Phinney v Perlmutter,* 222 Mich App 513, 560; 564 NW2d 532 (1997). An abuse of discretion exists when the result is so palpably and

grossly violative of fact and logic that it evidences perversity of will or the exercise of passion or bias rather than the exercise of discretion. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992).

Our review of the record convinces us that the trial court did not abuse its discretion in ordering plaintiff to pay defendant's counsel $58,388.40 in attorney fees. As of January 1996, plaintiff had spent $99,953 in attorney fees and approximately $75,000 in private investigator fees. The record demonstrates that there was a great disparity in income between the parties.[2] See *Sovereign, supra; Voukatidis v Voukatidis*, 195 Mich App 338, 339; 489 NW2d 512 (1992).

Moreover, it was plaintiff's litigation strategy that caused defendant to incur large legal expenses. The referee found that the unusually high attorney fees incurred in this case were due in large part to plaintiff's attempts to overwhelm defendant with his greater financial resources. The hearing referee's findings were upheld by the trial court. Under these circumstances, the award of attorney fees was reasonable. Cf. *Stackhouse v Stackhouse*, 193 Mich App 437, 445; 484 NW2d 723 (1992). Therefore, we conclude that the trial court did not abuse its discretion in determining that the award was necessary.

---

[2] Plaintiff contends that the trial court erred in finding that his 1994 net income was $600,000. Plaintiff asserts that the agreement between plaintiff and his business partner requires that a substantial portion of their income be reinvested in the business, and in fact he took home only $214,261 in 1994. However, even assuming that $214,261 is the correct figure, plaintiff earned almost twenty-four times more than defendant in 1994. Furthermore, evidence was presented that some of plaintiff's legal fees, as well as the private investigator expenses, were paid by his business and not by him personally. Accordingly, the trial court did not err in finding that plaintiff's income was significantly higher than defendant's.

Plaintiff also argues that the award was not reasonable. However, plaintiff does not attempt to make out a prima facie case regarding the unreasonable or unnecessary nature of particular expenses. Instead, plaintiff makes very general and conclusory statements regarding defense counsel's allegedly labor-intensive practices.

The trial court's opinion indicates that it carefully considered all the appropriate factors when making its determination. See *In re Condemnation of Private Property for Hwy Purposes*, 209 Mich App 336, 341-342; 530 NW2d 183 (1995). The court's order specifically excluded fees incurred in bringing one of the motions filed by defendant as well as fees for services performed by defense counsel's secretary. We find that plaintiff has not sustained his burden of persuading this Court that error occurred below.

Finally, the trial court did not abuse its discretion in awarding the fees incurred in the dispute over attorney fees. MCR 3.206(C)(1) allows a court to order a party to "pay all or part of the attorney fees and expenses related to the action." The dispute over attorney fees was related to the custody proceedings.

III

Next, plaintiff contends that the trial court did not have authority to find his attorneys in contempt of court for their failure to advise their client that he was required to comply with the court's August 1, 1995, order. The issuance of an order of contempt is in the sound discretion of the trial court and will be reviewed for an abuse of discretion. *Deal v Deal*, 197 Mich App 739, 743; 496 NW2d 403 (1993). After reviewing the record in this matter, we do not find

that the trial court abused its discretion in entering the contempt order.

A

Plaintiff argues that the award of attorney fees constituted a money judgment that was enforceable only by execution and not through contempt proceedings. We disagree. The award of attorney fees did not constitute a money judgment that is enforceable by execution. See MCL 600.6001; MSA 27A.6001. The order awarding attorney fees was not a final order, as evidenced by plaintiff's subsequent motion for leave to file an interlocutory appeal in this Court, filed August 18, 1995. Accordingly, plaintiff's argument fails.

B

Next, plaintiff maintains that because counsel did not instruct plaintiff to violate the order, counsel cannot be held in contempt. However, attorney Shensky explicitly stated in her letter to defense counsel that she could not instruct her client to comply with the trial court's order because plaintiff was seeking a stay of appeal. Plaintiff's counsel has not cited any authority in support of the proposition that plaintiff could disregard the trial court's order while seeking a stay in this Court. An order entered by a court of proper jurisdiction must be obeyed even if it is clearly incorrect. *Ann Arbor v Danish News Co*, 139 Mich App 218, 229; 361 NW2d 772 (1984). While plaintiff's attorneys did not technically instruct their client to violate the order, their failure to advise their client of his obligation to comply with the order had the same effect.

C

In addition, plaintiff claims that the trial court abused its discretion because his counsel did not have notice that contempt proceedings might be applied to them. However, a court may summarily punish contempt when it is committed in the immediate view and presence of the court. MCL 600.1711(1); MSA 27A.1711(1). The attorneys' failure to instruct their client of his obligation to comply with the court order occurred before the hearing. However, during the hearing, counsel acknowledged that merely seeking a stay from the Court of Appeals did not stay the trial court order. Despite this knowledge, counsel responded only that they could "do no more than seek . . . relief" from this Court, in essence defying the trial court's order. Under the facts of this case, we conclude that the contempt was committed in the presence of the court.

IV

Defendant requests that she be awarded appellate attorney fees pursuant to MCR 3.206(C). Because the trial court is in a better position to determine the reasonableness and necessity of such an award, we remand to the trial court for that purpose. See *Wiley v Wiley*, 214 Mich App 614, 616; 543 NW2d 64 (1995).

Affirmed and remanded. We do not retain jurisdiction. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.