# STATE OF MICHIGAN

# COURT OF APPEALS

BRADLEY D. BACHMAN,

       Plaintiff-Appellant,

v

SHELLEY MARIE SNOWGOLD, formerly
known as SHELLEY MARIE BACHMAN,

       Defendant-Appellee.

UNPUBLISHED
May 18, 2017

Nos. 329892; 332005
Livingston Circuit Court
LC No. 08-040619-DM

Before: CAVANAGH, P.J., and SAWYER and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals from two orders of the circuit court awarding attorney fees. We affirm in part, reverse in part, and remand for further proceedings.

The parties were divorced in 2009. In 2015, plaintiff filed a motion to reduce his child support obligation following the entry of a consent order that increased his parenting time. In response, defendant requested the production of various documents related to plaintiff's finances. Plaintiff produced some, but not all, of the requested documents. Defendant filed a motion to compel production of the documents. The trial court granted the motion to compel. Defendant requested an award of $2,055 in attorney fees related to the work necessitated by having to bring the motion to compel. The trial court, without explanation, granted $1,055 in fees.

Plaintiff filed a motion for reconsideration. The trial court concluded that it had properly granted attorney fees under MCR 2.313(A)(5), but agreed that it had erred in calculating the amount of attorney fees. The court requested defense counsel to submit a detailed billing statement and memorandum outlining the work done and the fees associated with the work. Defense counsel submitted a request for $2,155, to which plaintiff objected as being excessive. The trial court disagreed and granted the request for $2,155. After plaintiff indicated to defense counsel that he would appeal unless defendant agreed to drop the attorney fee award, defendant moved for an award of prospective attorney fees. Defense counsel requested an award of $1,500, which counsel agreed to accept as a flat fee to handle any appeal that plaintiff might file. Plaintiff objected, arguing that appellate attorney fees could not be awarded in advance of an actual appeal. The trial court granted defendant's request.

-1-

Plaintiff now appeals, challenging both attorney fee awards. We review an award of attorney fees for an abuse of discretion. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 551-552; 889 NW2d 113 (2016). Further, the determination of the amount of a reasonable attorney fee is also within the discretion of the trial court and is reviewed for an abuse of that discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008).

Defendant's request for production of documents listed the following items:

1. Federal and state income tax returns, personal and business for the last two (2) years, including 1099's and W2's;

2. Copies of any and all bank statements for any checking account, savings account, credit union account or any financial account that you use or have an interest in, from January 1, 2014 to present;

3. Copies of any and all statements that you have for the last year indicating receipt of any government benefit of any type;

4. Copies of any and all statements that you have for the last year indicating payments from any disability or any other source of income whatsoever;

5. Copies of any rental agreements you have regarding any property you own an interest in[;]

6. Copies of your check book registry for all accounts you have or had an interest in the last 24 months;

7. A detailed profit and loan statement for your business owned or operated by you from January 1, 2014 to present;

8. A list of all your business expenses paid by you or for you from January 1, 2014 to present;

9. A list of companies that supply products for your company;

10. A list of people that have paid for your maintenance and support from January 1, 2014 to present;

11. The name, address, and phone number for any tenants that have lived at any property owned or leased by you, [and] a copy of any lease from January 1, 2014 to present;

12. Your current address where you live and exercise parenting time[.]

Plaintiff replied to the request to produce, in pertinent part, as follows:

1. Defendant is in possession of Plaintiff's tax returns, having received same by personal delivery from Plaintiff's CPA . . . on June 12, 2015. Copies of 1099s depicting nonemployee compensation are attached.

2. Plaintiff objects to this request in that it is irrelevant, overburdensome and harassing.

3. None.

4. None.

5. Plaintiff objects to this request in that it is irrelevant, overburdensome and harassing. Without waiving said objection, see attached.

6. Plaintiff objects to this request in that it is irrelevant, overburdensome and harassing.

7. This document is a part of Plaintiff's tax returns, which are already in Defendant's possession.

8. See Schedule C and the attached schedules to Plaintiff's 2014 tax returns, which are already in Defendant's possession. A summary of same for 2015 is attached.

9. Plaintiff objects to this request in that it is irrelevant, overburdensome and harassing. Without waiving said objection, Defendant already has this information based upon subpoenas submitted by Defendant on May 29, 2015.

10. Bradley D. Bachman.

11. Plaintiff objects to this request in that it is irrelevant, overburdensome and harassing. Without waiving said objection, the current lease is attached.

12. Plaintiff objects to this request in that it is both irrelevant and information (Plaintiff's address!) that is already known to Defendant, hence harassing.

Following the hearing on the motion to compel, the circuit court ordered plaintiff to provide defendant with the documents he had previously failed to produce, including "copies of unredacted W2 and 1099" forms (subject to protective order per plaintiff's request); copies of his checkbook registries for the last 24 months; "detailed profit and loan [sic]" statements from January 1, 2014 to the present; a detailed list of "all business expense transactions" paid by plaintiff or for plaintiff for the same time period; and a "full and complete amended answer signed by Plaintiff under oath". The court also awarded attorney fees based on its finding that defendant had had to incur expenses in order to pursue the motion after the request for production went "unfulfilled".

On appeal, plaintiff argues that the trial court erred by awarding $2,155 in attorney fees to defendant because defendant's motion to compel was improper and unnecessary, and asserts again that he complied with defendant's request for production insofar as compliance was appropriate. Plaintiff also claims that the court's reliance upon MCR 2.313 in granting the award was misplaced because the court did not actually grant defendant's motion to compel; rather, according to plaintiff, "[a] consent Order was entered that Plaintiff would provide amended responses and '*put in writing*' what he had testified to [before the FOC referee] on June 30, 2015." According to plaintiff, he was not ordered to provide any additional documents as a result of the court's order "other than the un-redacted 1099s . . . and a list of line-by-line transactions (not previously requested)" This argument is not persuasive because the record shows that the court did in fact grant defendant's motion to compel, and that plaintiff was ordered to produce several documents as a result of its order.

MCR 2.310(C), concerning requests for production, provides in pertinent part as follows:

(2) The party on whom the request is served must serve a written response within 28 days after service of the request . . . . With respect to each item or category, the response must state that inspection and related activities will be permitted as requested or that the request is objected to, in which event the reasons for objection must be stated. If objection is made to part of an item or category, the part must be specified. If the request does not specify the form or forms in which electronically stored information is to be produced, the party responding to the request must produce the information in a form or forms in which the party ordinarily maintains it, or in a form or forms that is or are reasonably usable. . . .

(3) The party submitting the request may move for an order under MCR 2.313(A) with respect to an objection to or a failure to respond to the request or a part of it, or failure to permit inspection as requested. If the motion is based on a failure to respond to a request, proof of service of the request must be filed with the motion. The motion must state that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

MCR 2.313(A)(5)(a) provides that when a trial court grants a motion to compel discovery

the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct, or both, to pay to the moving party the reasonable expenses incurred in obtaining the order, *including attorney fees*, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust. [Emphasis added.]

In the instant case, the trial court properly granted attorney fees under MCR 2.313(A)(5)(a) based on plaintiff's failure to comply with MCR 2.310.

Plaintiff argues that the court should not have awarded defendant attorney fees under the court rule because defendant violated MCR 2.114(D)(3) by filing her motion for an "improper purpose[:] to delay a pending evidentiary hearing." This argument is not persuasive, because defendant filed her motion to compel only after plaintiff failed to respond fully to her request for production, which was filed on May 27, 2015—over a month before the scheduled evidentiary hearing. Moreover, the record does not otherwise indicate that defendant attempted to improperly delay or impede the hearing. On the contrary, defense counsel agreed to proceed with the hearing, subject to her objection that the requested documents were necessary to properly cross-examine plaintiff, and the record indicates that the defense participated fully in the hearing.

Similarly, plaintiff's assertion that defendant's motion to compel was unnecessary and improper because the requested documents were already in her possession is also not supported by the record. Initially, plaintiff suggests that his provision of partial information in response to defendant's request to produce was sufficient for defendant to have prepared her case and cross examine plaintiff at the evidentiary hearing. Plaintiff apparently argues that based on his partial compliance with the request to produce and "voluntary" production of documents that were not requested, defendant's motion to compel was improper. Plaintiff cites no authority stating that he was not required to fully comply with defendant's request for production without a valid objection, or that it was sufficient to provide documents that pertained to his business but that were not requested. Defendant's motion to compel was properly filed pursuant to MCR 2.313(A)(2)(d) based on plaintiff's failure to comply with or object appropriately to her request for production. Because plaintiff's conduct necessitated the filing of the motion, the circuit court properly awarded attorney fees to defendant pursuant to MCR 2.313(A)(5)(a).

Next, plaintiff suggests that defendant misled the circuit court as to the documents in her possession and the extent of plaintiff's compliance with the request for production during the hearing on defendant's motion to compel. This argument, such as it is, is not persuasive. According to plaintiff, defense counsel lied when she told the court during the July 16, 2015 hearing that the defense did not know the identities of the suppliers for plaintiff's business, because plaintiff had testified as to his suppliers during the FOC hearing on June 30. In fact, plaintiff did not testify as to the number of suppliers he had, but stated that he could testify as to "how many used. I don't know if I used 'em all in 2014," and then provided the names of several tire companies. It is unclear whether plaintiff's testimony included all of his suppliers, a point which plaintiff does not clarify on appeal. Plaintiff's assertion that his testimony was an appropriate response to defendant's request for production or that a response was not necessary because of this testimony is disingenuous, particularly because the testimony itself is ambiguous. It was not a misrepresentation for defense counsel to tell the circuit court that she did not know the identities of plaintiff's business suppliers.

Plaintiff also asserts that defendant misled the court by stating that "she had asked for [plaintiff's] bank statements," without also informing the court that she had been in possession of them since June 10, 2015." According to plaintiff, on June 10, plaintiff's bank provided defendant with plaintiff's bank records from January 1, 2013 to June 1, 2015 pursuant to a subpoena served upon the bank by defendant. Plaintiff also notes that he testified at the FOC hearing that he did not have any bank records in his possession. Plaintiff's assertion that defense counsel misled the court is disingenuous. Defense counsel stated at the hearing on defendant's

motion to compel that she had "asked for bank statements," as plaintiff claims. However, it is unclear how this statement was misleading. Defense counsel also told the court that she had used the bank statements to "add[] up the deposits" to try to verify plaintiff's income and expenses. Thus, it was clear from defense counsel's statements that the bank statements were in her possession. Additionally, plaintiff fails to note that he did not provide his bank statements in response to defendant's request for production, nor did he inform defendant that he did not have any bank statements in his possession, but rather objected to the request as "irrelevant, overburdensome, and harassing." Plaintiff should not be permitted to suggest that he was responsible for providing the bank statements to defendant in response to the request for production, when defendant obtained them only in response to a subpoena to the bank. There is no indication in the record that the trial court abused its discretion by granting attorney fees based on defendant's "misrepresentations."

Next, plaintiff asserts that defendant lied when she told the court she had asked plaintiff to produce "a list of loans" because "Defendant [had] never requested a list of loans." We are unable to find any statements in the record made by defense counsel in which she informed the court that she had requested a list of loans. Defense counsel did assert that plaintiff had claimed during the FOC hearing that he had deposited money loaned to him by his parents in his bank account; however, this statement is not apparently relevant to plaintiff's argument. Plaintiff appears to be in error as to the factual basis of this argument.

Plaintiff also argues that defendant misrepresented the facts when trial counsel told the court that "she did not know Plaintiff's residence or the source of his rental income," because defendant had testified during an earlier hearing that she had been aware of plaintiff's current residence "for over three (3) years." Plaintiff also asserts that the rental address was provided to defendant with his discovery responses. It is unclear why plaintiff cites defense counsel's statements on this issue as a misrepresentation. Defense counsel told the court that "one of the things I asked for is his residence address, because he had rental income," and plaintiff "objected because it was harassing to ask for an address." Defense counsel also explained that there was some confusion on her part as to where defendant was living and whether he still had income from his rental property because she had learned as a result of a subpoena that plaintiff had ended his relationship with his rental management company. There is no indication that defense counsel was misleading the court on this issue, or that the defense was aware of plaintiff's current address at the time the request to produce was filed, even if defendant had been aware at some point of a previous residence. It was not misleading for defense counsel to tell the court that she had asked for plaintiff's address, and that he had refused to provide it.

Finally, plaintiff contends that "[t]he completely harassing and unnecessary nature of Defendant's conduct in continuing with the motion hearing on July 16, 2015, despite having all information and sworn testimony from [the evidentiary hearing], is evident in Defendant's statement to the trial court, *"It doesn't matter if it's on the record. He still has to answer them."* Contrary to plaintiff's argument, however, defendant did not have "all [the] information" from her request for production prior to the hearing on her motion to compel, as evidenced by the court's order to produce additional documentation, as well as plaintiff's admission that additional documents were produced as a result of the court's order. Additionally, as discussed, plaintiff was required to provide a response to defendant's request for production pursuant to MCR 2.310(C)(2). His testimony at a subsequent hearing was not sufficient to comply with the court

-6-

rule, as there is no provision in the rule that partial (or even complete) testimony substitutes for an appropriate response to a discovery request.

Because plaintiff has not shown that the court erred by finding that plaintiff's conduct necessitated the motion to compel, or by granting the motion to compel in defendant's favor, the court's award of attorney fees pursuant to MCR 2.313(A)(5)(a) was not an abuse of its discretion.

Plaintiff next argues that, even if an award of attorney fees was appropriate, the trial court erred in determining the amount of attorney fees. We disagree. Under *Smith,* the Court held that when determining whether attorney fees are reasonable,

> a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case (factor 1 under MRPC 1.5(a) and factor 2 under *Wood*). The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. We believe that having the trial court consider these two factors first will lead to greater consistency in awards. Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors. [*Smith, supra*, 481 Mich at 530-531.]

In the instant case, defendant submitted a document published by the State Bar of Michigan that lists the attorney hourly billing rates in Livingston County as ranging between $185 (25th percentile) to $350 (95th percentile) (2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report, July 2014, p 8). The trial court concluded that defense counsel's hourly rate charged to defendant was "below what it states reasonable attorneys in this area usually charge," and found that counsel's charges for "what she had to do was reasonable. And therefore, I do find that the amount, $2,155.00 was reasonable." Thus, the court properly considered the first two issues set forth by the *Smith* Court for determining reasonableness. Although the court did not "briefly discuss its view of the remaining factors," as suggested by the *Smith* Court in order to aid appellate review (see *Smith, supra*, 481 Mich at 531), it was apparently not required to do so, and defense counsel made extensive statements on the record regarding many of the factors, as well as in her memorandum, which the circuit court indicated were persuasive and which plaintiff does not refute on appeal.

In sum, we are satisfied that the trial court considered the appropriate factors and that defense counsel adequately supported the requested attorney fees. We are not persuaded that the trial court abused its discretion in making the award.

Finally, plaintiff argues that the trial court erred in awarding prospective appellate attorney fees. We agree. The trial court relied upon this Court's decision in *Schoensee v Bennett*, 228 Mich App 305, 316; 577 NW2d 915 (1998), stating that pursuant to *Schoensee*, "it appears that attorney fees can be addressed at any point." We see no basis to read *Schoensee* as

reaching such a conclusion. While *Schoensee* does support the proposition that appellate attorney fees may be awarded in domestic relations matters, it does not support the proposition that they may be done so prospectively. Indeed, this Court remanded the matter to the trial court "to determine the reasonableness and necessity of such an award . . . ." *Id.* In fact, we are not aware of any authority for the trial court to award appellate attorney fees prospectively.

Admittedly, this case presents a situation in which the determination of the reasonableness and necessity of such an award is easier to make given plaintiff's avowed intent to appeal and defense counsel's willingness to accept a flat fee. Nevertheless, we think it unwise to establish a rule that appellate attorney fees may be awarded by the trial court in advance of any such appeal. Until an appeal is actually taken, and the expenses of the appeal and the parties' financial situation at that time is determined, it is simply too speculative to make such an award. Moreover, while it does not appear to be the case here, it opens the door to using a pre-appeal award to discourage a party from filing an appeal.

Accordingly, we set aside the trial court's prospective award of appellate attorney fees. On remand, the trial court shall revisit this issue and determine the necessity of such an award and, if it deems an award appropriate, it may proceed to award a reasonable appellate attorney fee.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Deborah A. Servitto

-8-