638 N.W.2d 107 (2002)
In re Hon. David M. BRADFIELD Judge, Thirty-Sixth District Court, Detroit, Michigan.
Docket No. 120740.
Supreme Court of Michigan.
January 23, 2002.

ORDER
The Judicial Tenure Commission filed Formal Complaint No. 66 and an amended complaint. The Commission later reached an agreement with the respondent judge, the Honorable David M. Bradfield, under which he consented to the Commission's findings of fact, conclusions of law, and *108 recommendation for discipline, as set forth below. Following our de novo review, we adopt the following findings of fact and conclusions of law as our own:
1. The respondent was a judge of the Thirty-Sixth District Court in Detroit, Michigan at all relevant times mentioned.
2. As a judge, the respondent is subject to all of the duties and responsibilities imposed on him by the Michigan Supreme Court, and is subject, at a minimum, to the standards for discipline set forth in MCR 9.104 and MCR 9.205.
3. The Commission has conducted a preliminary investigation of certain grievances filed against the respondent, which are identified as Grievance Nos. 98-11403, 98-11705, 99-12150, 99-12189, 99-12446, 99-12469, 00-12650, 00-12734, 00-12914, and 00-13004 (collectively referred to as "Investigated Grievances").

* * *[1]
11. The Commission and the respondent have engaged in negotiations to resolve this matter short of conducting formal proceedings. As a result of those negotiations, the Commission and the respondent agree as set forth below.
12. The respondent admits that he committed the following acts, that such acts constitute judicial misconduct, and that such conduct was wrongful:
A. On March 3, 1999, the respondent presided over the case of People v. Paul WHall, Thirty-Sixth District Court No. 0393021, for review of a longstanding unpaid civil infraction: no valid operator's license in immediate possession.
1) Mr. Hall began to explain that the ticket had really been issued to his nephew, who had the same name.
2) The respondent admits that he refused to consider evidence or hear arguments regarding the identity of the defendant, was rude, and yelled at Hall without provocation:
THE COURT: Are you listening to me Mr. Hall. I don't buy it, Mr. Hall, is what I'm telling you, I don't buy that. You got it; $65 bucks or else it remains open and it affects your driver's license. Do you want to pay it?
MR. HALL: Yeah, I want to pay it. Your Honor
THE COURT: A person would have to come back here three times, sir. I don't know any idiot that would come back here three times using a false name. So, it was you, sir.
MR. HALL: It was my nephew
THE COURT: Good, then it was your nephew. You keep thinking it was your nephew. You owe $65 bucks. Have a seat if you want to pay
MR. HALL: Your Honor,
THE COURT: Have a seat if you want to pay, sir. It's 12 years, 12 years. You think I'm going to buy that, hell no.
Hearing transcript, People v. Hall, March 3, 1999, p. 4.
3) Respondent admits that his demeaning conduct toward Mr. Hall was wrong and improper. *109 B. On January 14, 2000, the respondent presided over the preliminary examination in People v. John D. Gaines, Thirty Sixth District Court No. 00-55021.
1) The defense attorney in that matter was Walter Pookrum, who had previously filed a Request for Investigation with the Commission, which resulted in the issuance of one of the Investigated Grievances (Grievance No. 99-12469).
2) As part of its investigation of that grievance, on December 10, 1999, the Commission sent the respondent a copy of the Request for Investigation and requested the respondent's comments on the allegations.
4) On January 14, 2000, Mr. Pookrum moved to disqualify the respondent due to that pending grievance.
5) The respondent denied the motion, and also refused Mr. Pookrum's request to refer the matter to Chief Judge Atkins for reconsideration:
MR. POOKRUM: Then, I'd like an opportunity to appeal to the chief judge.
THE COURT: No, you don't have that right, sir. The motion is denied. You move on.
Preliminary examination transcript, January 14, 2000, People v. Gaines, p. 3.
6) The respondent's statement is in direct contradiction to MCR 2.003(C)(3)(a), which provides that "in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion [to disqualify] to the chief judge, who shall decide the motion de novo." (Emphasis supplied.)
7) The respondent, at the very least, should have known that Mr. Pookrum had the right to have the motion to disqualify referred to the chief judge, but he wrongfully did not allow Mr. Pookrum to do so.
8) The respondent admits that his deliberate failure to comply with the dictates of MCR 2.003(C)(3)(a) was wrong and improper.
3) The respondent submitted his comments to the Commission on December 28, 1999.
13. In addition to the acts listed in paragraph 12 which the respondent admits constitute misconduct, the Commission received Grievance Nos. 00-12650 and 00-12914 which allege that the respondent has a policy and practice of setting bonds for defendants who are charged with drug crimes based on the number of rocks of cocaine alleged to be in defendants' possession at the time of the arrest. Because the respondent has disputed these allegations, the Commission cannot base a recommendation for discipline on them. The Commission has decided, however, to dismiss these grievances based on the respondent's agreement to admit to the allegations in paragraph 12, his specific commitment to consider and articulate on the record the required factors for setting bonds, and also his agreement to allow attorneys to argue formally motions to reduce or increase bonds. The Commission accepts this resolution of these disputed grievances because this agreement provides the public and the bar a remedy to prevent any such future grievable conduct. *110 14. In consideration of the respondent's consent to discipline and his promises as to future conduct, the Commission agrees to dismiss with prejudice all other allegations of misconduct in the amended formal complaint.
15. By consenting to this recommendation for discipline, the respondent expresses his deep regret for his conduct as set forth above, and for the resulting negative impact on the public perception of judges, the institutional integrity of the judiciary, and the administration of justice.
16. The respondent's conduct as admitted and described above constitutes:
a) Misconduct in office as defined by Const 1963, art 6, § 30 and MCR 9.205;
b) Conduct clearly prejudicial to the administration of justice as defined by Const 1963, art 6, § 30 and MCR 9.205(E);
c) Failure to observe high standards of conduct so that the integrity and independence of the judiciary is preserved, contrary to Canon 1 of the Michigan Code of Judicial Conduct;
d) Irresponsible or improper conduct which erodes public confidence in the judiciary, in violation of Canon 2A of the Michigan Code of Judicial Conduct; and
e) Failure to respect and observe the law and to conduct himself at all times in a manner which would enhance the public's confidence in the integrity and impartiality of the judiciary, contrary to Canon 2B of the Michigan Code of Judicial Conduct.
As we conduct our de novo review of this matter, we recall the criteria stated in In re Brown, 461 Mich. 1291, 1292-1293, 625 N.W.2d 744 (1999):
"[E]verything else being equal:
"(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;
"(2) misconduct on the bench is usually more serious than the same misconduct off the bench;
"(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;
"(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;
"(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;
"(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;
(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.
"The JTC should consider these and other appropriate standards that it may develop in its expertise, when it offers its recommendations."
*111 Applying those criteria to the present case, while mindful of discipline imposed in In re Bradfield, 448 Mich. 1229, 531 N.W.2d 711 (1995) and of the agreement between the Commission and the respondent, we accept the recommendation of the Commission and order the following discipline:
We publicly censure the respondent judge and suspend him, without pay, from the performance of his judicial duties for a period of thirty days, effective the next business day following entry of the order.
In addition, we observe that the recommendation of the Commission is premised in part on the respondent's agreement to take five additional steps, which have been agreed upon by the Commission and the respondent, as set forth below. These are not encompassed within our order, since they are not judicial discipline. However, in accordance with rules governing judicial discipline, the Commission may recommend further discipline if the respondent fails to:
1. Undergo counseling and/or anger management and counseling as determined appropriate by a health care professional of Henry Ford Hospital Fairlane, until he has completed the counseling program, in which case the health care professional will provide a letter to the Commission expressing his/her opinion that the respondent has successfully completed the counseling program. The counseling will occur on a schedule as determined appropriate by the health care professional, who shall provide the Commission with quarterly reports detailing the respondent's attendance at those sessions. The respondent will request the health care professional in writing to convey that information to the Commission and will provide the Commission with a copy of that request;
2. No longer conduct any off-the-record discussions or proceedings in his courtroom in landlord/tenant matters;
3. Comply with MCR 2.003 and immediately refer any denied motion to disqualify the respondent to the chief judge as provided by court rule;
4. Automatically disqualify himself, due to the unique circumstances of this case, at the request of any of the attorneys who have filed the requests for investigations in the "Investigated Grievances" during the nine-month period immediately following the Commission's execution of the settlement agreement, which should be deemed the same as the date of the Commission's recommendation to this Court.
5. Consider and articulate on the record the required factors for setting bonds, and to allow attorneys to argue bond reductions or increases on the record.
For the reasons set forth in this order, we ORDER that the Honorable David M. Bradfield, Judge of the Thirty Sixth District Court, be publicly censured. This order stands as our censure. We further ORDER that the Honorable David M. Bradfield, Judge of the Thirty Sixth District Court, be suspended, without pay, from the performance of his judicial duties for a period of thirty days, effective the next business day following entry of the order.
NOTES
[1] In the omitted paragraphs, the JTC summarizes aspects of the procedural history that are not significant to the resolution of this matter. These paragraphs would not aid the reader's understanding of this case.