*In re* CONTEMPT OF STEINGOLD
(*In re* SMITH)

Docket No. 210596. Submitted May 2, 2000, at Detroit. Decided December 26, 2000, at 9:35 A.M.

Attorney David Steingold was found in contempt of court by the Wayne Circuit Court, Family Division, Freddie G. Burton, Jr., J., after a hearing on a court referee's ex parte motion to show cause why Steingold should not be held in contempt for his conduct during a bench trial before the referee involving the alleged delinquency of a minor represented by Steingold. Steingold had been hired by the minor's parents to replace another attorney less than a week before the trial. At the trial, Steingold moved for an adjournment, a transfer of the case to a judge, and a jury trial. Steingold argued that the attorney he replaced had failed to conduct discovery, that the minor had not knowingly and affirmatively waived jury trial because the original attorney had not advised of the difference between a jury trial and a bench trial, and that the referee should recuse himself because the referee knew about a polygraph examination given to the minor. The referee denied all of Steingold's motions. Steingold sought a stay so that he could have his motions for adjournment and recusal reviewed by the chief judge. The referee refused to grant a stay. After a break to prepare the courtroom for a child witness, the referee stated on the record that he would recuse himself and seek to have Steingold held in contempt after Steingold persisted in arguing his motions and allegedly threatened to initiate a disciplinary proceeding against the referee. Steingold appealed.

The Court of Appeals *held*:

1. The affidavit attached to the referee's ex parte motion to show cause does not satisfy the requirements of MCR 2.119(B). The affidavit, in stating that Steingold had wilfully created "an obstruction of the performance of the court's judicial duties," did not state with specificity facts sufficient to support a finding of contempt. The affidavit also contained statements that were not based on the personal knowledge of the referee. Because the affidavit was inadequate, the circuit court lacked personal jurisdiction over the alleged contemnor.

2. The circuit court abused its discretion in holding Steingold in contempt. Although denial of Steingold's motion for disqualification of the referee was proper in the absence of an actual showing of personal bias or prejudice, the referee erred in failing to refer the motion to the chief judge when requested by Steingold. MCR 2.003(C)(3) mandates such a referral in courts that have two or more judges when referral is requested by a party.

Reversed.

WHITE, J., concurring, stated that the record does not establish that Steingold's conduct was contemptuous.

1. MOTIONS AND ORDERS — MOTIONS TO SHOW CAUSE — CONTEMPT — AFFIDAVITS.

An affidavit attached to an ex parte motion to show cause why a person should not be held in contempt of court must meet the requirements of MCR 2.119(B).

2. MOTIONS AND ORDERS — MOTIONS FOR DISQUALIFICATION OF JUDGE — REFERRALS TO CHIEF JUDGE.

A motion for the disqualification of a judge in a court that has two or more judges must, on the request of a party, be referred to the chief judge of the court (MCR 2.003[C][3]).

*The Law Offices of Davis S. Steingold* (by *Tracie Dominique Palmer*), for David S. Steingold.

Before: KELLY, P.J., and WHITE and WILDER, JJ.

KELLY, P.J. Appellant attorney appeals as of right from an order of contempt entered under MCL 600.1701; MSA 27A.1701, which imposed sanctions in the amount of $250 pursuant to MCL 600.1715; MSA 27A.1715 and costs in the amount of $295 pursuant to MCL 600.1721; MSA 27A.1721. We reverse.

I

Appellant filed an appearance in the underlying action less than a week before the scheduled trial. The matter involved the defense of a minor charged with criminal sexual conduct. The minor's parents retained appellant at such a late date because the

attorney who had been retained to represent their son failed to contact them for nearly a month beforehand. On the day appellant filed his appearance, he attempted to file a motion to adjourn trial, a request for transfer to a judge, and a demand for a jury. Appellant alleges that he was told that the motions could not be filed at such a late date and that he would have to go before the referee.

On the day of trial, appellant raised the motions and the referee ruled that the minor had already waived his right to a judge and a jury. Appellant argued that prior counsel did not explain the difference between a bench trial and a jury trial to the minor's parents, and that the waiver was not knowingly or affirmatively made. Appellant also argued that prior counsel failed to conduct any discovery and appellant was not prepared to proceed to trial on the basis of the information available to him. The court denied appellant's request for an adjournment, stating that the parents had an affirmative duty to rectify the problem with prior counsel.[1] Appellant requested the referee to recuse himself.

Appellant also argued that the referee could not hear the case because the referee had information concerning a polygraph examination of the minor and because he knew the minor had initially pleaded guilty. When the referee refused to recuse himself,

---

[1] Appellant supported his motion with the affidavit of prior counsel attesting to the fact that the matter had been neglected by the associate attorney responsible for the file during the prior attorney's leave of absence from the firm starting August 1, 1997, that the parents stayed in frequent contact with prior counsel during her sick leave, and also attesting to the fact that the minor's parents made many attempts to contact the associate, but the calls were not returned. Finally, on October 13 and 14, 1997, the father asked prior counsel to refer him to another attorney.

appellant sought a stay to have his motion to recuse as well as his motion to adjourn reviewed by the chief judge, but the referee refused the requests. Appellant asserted that the referee's refusal to allow him to go before the chief judge was a blatant violation of the court rules. The referee stated that appellant's request to go before the chief judge was just another tactic to try to get an adjournment. Appellant persisted and stated that, though he wanted an adjournment, that had nothing to do with his request to go before the chief judge. He represented that he would pursue the matter with the chief judge, this Court, and the Attorney Grievance Commission. The referee told the prosecution to call its first witness. When appellant continued to plead his case for going before the chief judge, the referee warned him that his behavior bordered on contempt.

As the courtroom was being cleared in preparation for the first child witness, appellant began citing the court rule governing appeals to the chief judge. While off the record, appellant allegedly accused the referee of ex parte communications with the parties and threatened to bring charges against the referee. The minor's father also allegedly threatened the referee, whereupon the proceedings went off the record. When the matter went back on the record, the referee recited what had transpired off the record and then recused himself and stated that appellant and the minor's father would be reviewed for contempt of court. Appellant claims that the referee's version of what transpired off the record is inaccurate.

The referee filed an ex parte motion in the circuit court for an order to show cause why appellant should not be held in civil contempt and supported

the motion with an unsworn, unsigned written statement of what allegedly occurred in the earlier proceedings. The circuit court based its jurisdiction over the contempt proceedings on its jurisdiction over the underlying action. One month after the contempt hearing, the circuit court issued its order finding appellant in contempt. The order does not indicate the factual basis for the court's finding of contempt.

II

This Court reviews for abuse of discretion the issuance of an order of contempt. *Schoensee v Bennett*, 228 Mich App 305, 316; 577 NW2d 915 (1998). Michigan courts of record have the inherent common-law right to punish all contempts of court. *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). The Legislature has vested the Supreme Court, the circuit courts, and all other courts of record with contempt power. MCL 600.1701 *et seq.*; MSA 27A.1701 *et seq.* Referees in juvenile court proceedings may hold contempt hearings, but may not issue contempt orders. MCL 712A.10(1); MSA 27.3178(598.10)(1); MCR 5.913.

III

First, appellant argues that the circuit court lacked jurisdiction over the proceedings because the allegedly contemptuous behavior took place outside the immediate view of the court, or was indirect contempt. Consequently, the court could punish appellant only after proof of the facts charged had been made by affidavit and opportunity had been given to

defend. MCL 600.1711(2); MSA 27A.1711(2).[2] We agree.

Before a show cause order may issue, there must be "a sufficient foundation of competent evidence, and legitimate inferences therefrom." *In re Contempt of Calcutt*, 184 Mich App 749, 757; 458 NW2d 919 (1990). An affidavit attached to an ex parte motion for an order to show cause must meet the requirements of MCR 2.119(B). It must be made on personal knowledge, state with specificity admissible facts establishing the grounds stated in the motion, and show affirmatively that the affiant, if sworn as a witness, can testify about the facts stated in the affidavit. Although an affidavit must be verified by a person with personal knowledge of the facts, the court may rely on reasonable inferences drawn from the facts stated. *Michigan ex rel Wayne Prosecutor v Powers*, 97 Mich App 166, 168; 293 NW2d 752 (1980).

Additionally, when contempt proceedings for violating a court order are initiated, the notice or order must be personally served on the alleged contemnor. MCL 600.1968(4); MSA 27A.1968(4); MCR 2.107(B)(1)(b). The order issued by the court required personal service within seven days of the hearing. Appellant was served by facsimile, but does not contest validity of the manner of service.

The subscribed and sworn portion of the form motion and order to show cause filed by the complaining referee stated that appellant had not complied with an order dated October 24, 1997, by

---

[2] Because the referee could have held the contempt hearing, this was actually a deferred civil contempt proceeding also governed by MCL 600.1711(2); MSA 27A.1711(2). We do not accept appellant's argument that this was a criminal contempt proceeding.

engag[ing] in conduct that amounted to a "willful creation of an obstruction of the performance of the court's judicial duties" (see attachment). I recommend that Attorney David Steingold be held in contempt and assessed fines, costs, and the expense of the proceedings pursuant to MCLA 600.1715(2). The expense of the proceedings as determined by Budget and Management is $295.00.

We find that the sworn portion of the form motion does not satisfy the requirements for affidavits. The general statement that appellant wilfully created "an obstruction of the performance of the court's judicial duties" does not state with specificity facts sufficient to support a finding of contempt. The "order" dated October 24, 1997, according to the attachment, was the referee's statement to appellant on the telephone that his request for an adjournment was not timely, but that, if the prosecutor had no objection, the case would be adjourned. There is no indication that an order denying appellant's motion for an adjournment was entered by the court on October 24, 1997.

The unsigned, unsworn written attachment filed with the motion consisted, in part, of hearsay statements made by unidentified individuals outside the referee's presence that were not based on personal knowledge of the complaining referee. The attachment did not meet the requirements of an affidavit or an attachment to an affidavit. MCR 2.119(B)(2). "If an inadequate affidavit is the predicate which underlies the contempt proceeding or if no affidavit at all accompanies the petition, the court lacks jurisdiction over the person of the alleged contemnor." *Powers, supra* at 168.[3]

---

[3] The motion was argued by the chief referee, not by the complaining referee, who apparently was not present.

Next, appellant argues that the court abused its discretion by holding him in contempt. We agree. Under MCR 2.003(C)(1) and (2), a motion to disqualify a judge must be filed within fourteen days of trial, or forthwith upon discovering the ground for disqualification, and must be supported by an affidavit. Appellant's oral motion for disqualification was defective, *People v Bettistea*, 173 Mich App 106, 123; 434 NW2d 138 (1988), and he did not seek leave to correct the defect by filing a written motion supported by an affidavit. Moreover, our review of the record does not establish, nor has appellant demonstrated, the personal bias and prejudice in fact required for disqualification. MCR 2.003(B)(1).[4] An actual showing of prejudice is required before a trial judge will be disqualified. *In re Forfeiture of $1,159,420*, 194 Mich App 134, 151; 486 NW2d 326 (1992).

For the foregoing reasons, we find that it was not error for the referee to deny appellant's oral motion for disqualification. However, the referee did err in refusing to refer the matter to the chief judge. Under MCR 2.003(C)(3), if a challenged judge denies a motion to disqualify, in a court having two or more judges, on the request of a party, the challenged judge must refer the motion to the chief judge, who shall decide the motion de novo. The requirement that the motion be referred to the chief judge is not discretionary.

---

[4] The fact that prior counsel's affidavit stated that the minor had taken a polygraph test is not evidence that the judge had personal knowledge of a disputed fact. MCR 2.003(B)(2). The affidavit did not indicate the results of the test and there was no indication that the examination supported a finding of guilt.

Appellant stated that, though he desired an adjournment, he sought referral to the chief judge for review of the referee's denial of his oral motion to disqualify. When the referee refused the request, contrary to the court rule, appellant persisted. Appellant's conduct clearly undermined the referee's attempt to get the trial underway. However, because the referee erred in not affording review de novo by the chief judge in this instance, appellant's conduct does not support a finding of contempt. *In re Meizlish*, 72 Mich App 732, 737; 250 NW2d 525 (1976).

Finally, appellant argues that this was a criminal rather than civil contempt proceeding. We disagree. As noted above, the referee did not have the authority to issue contempt orders. Since he lacked authority to issue contempt orders and had recused himself, the referee correctly initiated this deferred action by motion for order to show cause. The fact that the action was deferred did not change the nature of the proceedings or the applicable standard of proof.

Reversed.

WILDER, J., concurred.

WHITE, J. *(concurring)*. I agree that the record does not establish that appellant's conduct was contemptuous.