670 N.W.2d 560 (2003)
469 Mich. 889
Linda M. GILBERT, Plaintiff-Appellee,
v.
DAIMLERCHRYSLER CORPORATION, Defendant-Appellant.
Docket No. 122457, COA No. 227392
Supreme Court of Michigan.
October 30, 2003.
On order of the Court, the motion for reconsideration of this Court's order of September 17, 2003 is considered, and it is DENIED, because it does not appear that the order was entered erroneously.
MARILYN J. KELLY, J., not participating in the decision regarding this motion for reconsideration.
WEAVER, J. (not participating in part and voting to grant reconsideration in part), states:
Plaintiff moves for reconsideration of the Court's September 17, 2003, order[1] denying plaintiff's motion for recusal and for an evidentiary hearing regarding the participation of Chief Justice Corrigan and Justices Taylor, Young, and Markman in Gilbert v. DaimlerChrysler Corp.[2] Plaintiff does not seek reconsideration of my decision not to recuse myself from the case.[3]
Plaintiff's reconsideration motion presents two alternative requests. Plaintiff asks that the whole Court convene to decide the motion for reconsideration regarding the denial of the motion for recusal and the denial of an evidentiary hearing regarding the participation of Chief Justice Corrigan and Justices Taylor, Young, and Markman.
Alternatively, plaintiff requests that the Court employ the procedure set forth in MCR 2.003(3) to review the decisions of Chief Justice Corrigan and Justices Taylor, Young, and Markman not to disqualify themselves from this case. Specifically, plaintiff requests that the decision of Chief Justice Corrigan to not recuse herself be reviewed by a judge assigned by the state court administrator and that the decisions of Justices Taylor, Young, and Markman be reviewed by Chief Justice Corrigan or a judge assigned by the state court administrator.
I do not participate in the reconsideration request regarding whether the other justices should have recused themselves, whether there should be an evidentiary hearing regarding their participation, or whether their decisions not to recuse themselves and not to hold an evidentiary hearing on the question of the participation *561 should be reversed on reconsideration.
I would grant plaintiff's motion for reconsideration to address the proper procedure for the review of a judge's decision not to recuse himself or herself from a case. Pursuant to MCR 2.003, the challenged judge decides the motion asking for his or her disqualification. If the motion is denied and a party requests review of the denial, pursuant to MCR 2.003(3), the chief judge or a judge appointed by the state court administrator then reviews de novo the judge's decision not to recuse himself or herself.

A

Reconsideration of Motion for Recusals
In the September 17, 2003, order I decided only plaintiff's motion asking that I recuse myself and did not participate in the motion regarding whether the other justices should recuse themselves. Justice Marilyn J. Kelly, who was not challenged by the plaintiff, did not participate in the motion. Plaintiff argues that the whole Courtincluding Justice Kelly and myselfshould convene to decide the motion to recuse Chief Justice Corrigan and Justices Taylor, Young, and Markman and to have an evidentiary hearing regarding each justice's participation in this case. MCR 2.003(3) states in pertinent part, however, that the "... challenged judge shall decide the motion."
As I explained in my previous statement in this matter, pursuant to MCR 2.003(3), it is the duty of each challenged judge to make his or her own decision on a motion asking for the judge's disqualification in a case. Thus, I do not participate in the reconsideration regarding the denial of the motion regarding Chief Justice Corrigan and Justices Taylor, Young, and Markman.
Plaintiff contends that the Supreme Court need not comply with MCR 2.003(3). This argument is without merit. MCR 2.001 governs when the rules in chapter 2 of the court rules, including MCR 2.003, apply to a court. MCR 2.001 provides:
The rules in this chapter [which include MCR 2.003] govern procedure in all civil proceedings in all courts established by the constitution and laws of the State of Michigan, except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure.
The Michigan Supreme Court is a court established by the Constitution of the state of Michigan; it is not a court of limited jurisdiction so that MCR 2.003 would be "inherently inapplicable." Nor is there a rule on motions for recusal that provides a different procedure applicable specifically to the Supreme Court. Thus, until such time as MCR 2.003 is revised to include a different procedure that would specifically apply to the Supreme Court,[4] it is appropriate for each justice to follow the procedure outlined in MCR 2.003(3) when deciding motions for his or her recusal.
Finally, plaintiff's argument that the procedure detailed in MCR 2.003(3) does not apply to the Supreme Court because the court rule uses the term "judge" rather than "justice" must fail. A justice is a judge. Black's Law Dictionary defines a "justice" as "A judge, esp. of an appellate *562 court or a court of last resort."[5] Therefore, use of the term "judge" does not preclude this Court from following the procedures articulated in MCR 2.003.

B

Procedure to Review Denials of Request for Recusals
Because MCR 2.003 is applicable, I would grant plaintiff's alternative request for the Court to address and to follow the procedure set forth in MCR 2.003(3) for the review of a judge's decision not to recuse himself or herself from a case. Pursuant to MCR 2.003(3), when a motion to recuse a judge is denied and a party requests review of the denial, the chief judge or a judge appointed by the state court administrator reviews the decision. MCR 2.003(3) provides:
Ruling. The challenged judge shall decide the motion. If the challenged judge denies the motion,
(a) in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion to the chief judge, who shall decide the motion de novo;

(b) in a single-judge court, or if the challenged judge is the chief judge, on the request of a party, the challenged judge shall refer the motion to the state court administrator for assignment to another judge, who shall decide the motion de novo. [Emphasis added.]
The procedure in MCR 2.003(3) for review of the denial of the motion for recusal should be followed in this case, as plaintiff has now requested.
This Court has recognized that failure to refer the motion to disqualify to the chief judge on the request of a party is wrong and improper. In re Bradfield, 465 Mich. 1309, 1311, 638 N.W.2d 107 (2002). The requirement that the motion be referred to the chief judge is not discretionary. In re Smith, 244 Mich.App. 153, 160-161, 624 N.W.2d 504 (2000).
Pursuant to MCR 2.003(3), Chief Justice Corrigan's decision to deny the motion for recusal with regard to herself should be reviewed de novo by a judge assigned by the state court administrator. Justices Taylor, Young, and Markman's decisions to deny plaintiff's motion concerning themselves should be reviewed de novo either by Chief Justice Corrigan or by a judge appointed by the state court administrator.

Conclusion
I do not participate in the reconsideration request regarding whether the other justices should have recused themselves, whether there should be an evidentiary hearing regarding their participation, or whether their decisions not to recuse themselves and not to hold an evidentiary hearing on the question of their participation should be reversed on reconsideration.
I would grant plaintiff's motion for reconsideration to address the proper procedure for the review of a judge's decision not to recuse himself or herself from a case. Pursuant to MCR 2.003, the challenged judge decides the motion asking for his or her disqualification. If the motion is denied and a party requests review of the denial, pursuant to MCR 2.003(3) the chief judge or a judge appointed by the state court administrator then reviews de novo the judge's decision not to recuse himself or herself from the case. Thus, pursuant to MCR 2.003(3), Chief Justice Corrigan's decision to deny the motion for recusal regarding herself should be reviewed de novo by a judge assigned by the state court administrator. Justices Taylor, *563 Young, and Markman's decisions to deny plaintiff's motion relating to themselves should be reviewed de novo either by Chief Justice Corrigan or by a judge appointed by the state court administrator.
NOTES
[1] Gilbert v. DaimlerChrysler Corp, 469 Mich. 880, 669 N.W.2d 265 (2003).
[2] On April 8, 2003, this Court entered an order granting defendant's application for leave to appeal. Gilbert v. DaimlerChrysler Corp, 468 Mich. 883, 661 N.W.2d 232 (2003).
[3] Plaintiff initially filed a motion for the recusal of Chief Justice Corrigan, myself, and Justices Taylor, Young, and Markman from Gilbert v. DaimlerChrysler, and requested an evidentiary hearing on the motion for recusals. On September 17, 2003, an order was entered on plaintiff's motion. In that order, Chief Justice Corrigan and Justices Michael F. Cavanagh, Taylor, Young, and Markman voted to deny plaintiff's motion with regard to all the challenged justices. Justice Kelly, who was not challenged by the plaintiff, did not participate in the motion. I denied the motion to recuse myself and did not participate in the motion regarding whether the other justices should recuse themselves. I also explained that given the nature of plaintiff's allegations regarding her request for my recusal, there was no need for an evidentiary hearing for me to decide whether to participate.
[4] In In re JK, 468 Mich. 202, 220-221, 661 N.W.2d 216 (2003), I proposed a court rule requiring that when the issue of a justice's disqualification is raised, the justice should publish in the record of the case the reasons for his or her decision to participate or not participate in the case. Because I believe that this procedure would better inform the public and is in no way precluded by any court rule, I have followed this procedure.
[5] Black's Law Dictionary (7th ed.).