# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 21, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129500-1 & (31)(48)

THIRD JUDICIAL CIRCUIT COURT,
       Plaintiff-Appellant,

v

THE JUDICIAL ATTORNEYS
ASSOCIATION,
       Defendant-Appellee.

SC: 129500-1
COA: 262586, 263413
Wayne CC: 00-004468-CK

_____/

      By order of January 13, 2006, we remanded this case to the Court of Appeals for consideration as on leave granted, retaining jurisdiction. On August 2, 2007, the Court of Appeals issued an unpublished per curiam opinion. On order of the Court, the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The stay of proceedings ordered on September 29, 2005 and continued by order of January 13, 2006 is DISSOLVED, except that the sanctions ordered by the trial court at the September 28, 2005 contempt hearing shall not be imposed if the plaintiff initiates compliance with its obligations under the July 17, 2000 order of the trial court by April 15, 2008.

      CORRIGAN, J., concurs and states as follows:

      I concur in the Court's order. I note that plaintiff persuasively argues that the collective-bargaining agreement in this case, which was executed in accordance with the public employment relations act (PERA), MCL 423.201 *et seq.,* could not include a provision constraining a chief judge's power to appoint judicial referees. See, e.g. MCL 552.507(1). Such a provision appears to offend the constitutional separation of powers provision, Const 1963, art 3, § 2, because the legislatively enacted PERA may not be construed to interfere with the power of the judiciary to appoint judicial officers whose duties are derived from article 6 of the Michigan Constitution. But plaintiff stipulated to dismiss its appeal from the trial court's final decision in the earlier dispute concerning the terms of the collective-bargaining agreement. Under these circumstances, I conclude that plaintiff waived any challenges to the validity of the collective-bargaining agreement.

CAVANAGH and KELLY, JJ., would affirm the judgment of the Court of Appeals in its entirety.

WEAVER, J., concurs in part and dissents in part and states as follows:

I would affirm the judgment of the Court of Appeals in its entirety.

I dissent from the majority's decision declining to immediately impose the sanctions ordered by the trial judge and instead conditioning the imposition of sanctions on whether the plaintiff initiates compliance with this Court's order by April 15, 2008. In effect, years after the plaintiff was found in contempt of court and sanctions were ordered, this Court is providing the plaintiff with yet another chance to avoid sanctions for its deliberate disobedience in refusing to abide by the arbitration agreement and a court order to do so.

The Court's order supplies no written reasons for the majority's decision to conditionally impose the ordered sanctions, as required by Const 1963, art 6, § 6, because no legal reason exists to justify the majority's decision.[1]

The trial court did not abuse its discretion in finding the plaintiff, the Third Judicial Circuit Court, in contempt because of the deliberate actions of Chief Judge Mary Beth Kelly. The material facts and law in this case are not in dispute.[2] As chief judge, Judge Kelly violated the arbitration award in November 2004 and has knowingly continued to do so since March 2005. In June 2001, almost five years earlier, the Third Judicial Circuit Court, through the actions of its then-chief judge, had stipulated with prejudice, in writing, to the dismissal of its appeal regarding the validity of the arbitration order. The arbitration award and stipulation order had been res judicata for almost five years.

---

[1] For a more detailed analysis of this Court's duty to provide written reasons for its decision, see my statements in *Grievance Administrator v Fieger*, 477 Mich 1228, 1231 (2006); *People v Parsons*, 728 NW2d 62 (2007); *Ruiz v Clara's Parlor Inc*, 477 Mich 1044 (2007); *Neal v Dep't of Corrections*, 477 Mich 1049 (2007); *State Automobile Mut Ins Co v Fieger*, 477 Mich 1068, 1070 (2007); *Ansari v Gold*, 477 Mich 1076, 1077 (2007); *Short v Antonini*, 729 NW2d 218, 219 (2007); *Flemister v Traveling Med Services, PC*, 729 NW2d 222, 223 (2007); *McDowell v Detroit*, 477 Mich 1079, 1084 (2007); *Johnson v Henry Ford Hosp*, 477 Mich 1098, 1099 (2007); *Tate v Dearborn*, 477 Mich 1101, 1102 (2007); *Dep't of Labor & Economic Growth v Jordan*, __Mich__ (2007) (Docket No. 133017, entered September 14, 2007); *Cooper v Auto Club Ins Assn*, __Mich__ (2007) (Docket No. 132792, entered October 19, 2007).

[2] See n 3 of this statement for a more detailed recitation of the facts.

As chief judge, Judge Kelly knew of and should have obeyed the arbitration award and stipulation order. Because of res judicata, Judge Kelly did not have the option of not following the trial court's order in 2005 simply because she disagreed with the order. Her actions have caused defendant to accrue over two years of unnecessary costs and efforts. The trial court did not abuse its discretion in ordering sanctions against the plaintiff for Chief Judge Kelly's noncompliance with the court order. Therefore, sanctions are appropriate and properly and legally within the discretion of the trial court, and this Court should not dilute the trial court's contempt power by now conditionally reversing the imposed sanctions.

An appellate court reviews for abuse of discretion a trial court's decision to issue an order of contempt. *In re Contempt of Dudzinski,* 257 Mich App 96, 99 (2003). A trial court's factual findings are reviewed for clear error. *McFerren v B & B Investment Group,* 253 Mich App 517, 522 (2002).

The circuit court executes the judicial power of the state of Michigan under Const 1963, art 6, § 1 and has broad jurisdiction under Const 1963, art 6 § 13. *Kirby v Michigan High School Athletic Ass'n,* 459 Mich 23, 40 (1998). Michigan courts of record have the inherent common-law right to punish all contempts of court. *In re Contempt of Robertson*, 209 Mich App 433, 436 (1995); *In re Contempt of Steingold*, 244 Mich App 153, 157 (2000). Additionally, the Legislature has statutorily recognized that the circuit courts, and all other courts of record, have contempt powers. MCL 600.1701 *et seq.* A party must obey an order entered by a court with proper jurisdiction, even an incorrect order, or risk being held in contempt and facing possible sanctions. *Kirby, supra* at 40.

In the present case, there is no factual dispute that the plaintiff, the Third Judicial Circuit Court, through the actions of Chief Judge Mary Beth Kelly, did not follow the arbitration order or the trial court's order requiring compliance with the arbitration order. The plaintiff, in answering the defendant's motion for an order to show cause why the plaintiff should not be held in contempt, only argued the merits of the underlying arbitration order. However, the plaintiff's option for remedying a defective arbitration order was appellate review, which the plaintiff exhausted in 2001 when the plaintiff and the defendant stipulated the dismissal with prejudice of the appeal to the arbitration order. The plaintiff did not have the option of simply not following the trial court's order in 2005 because it thought that the order was wrong.

The trial court did not abuse its discretion in finding the plaintiff in contempt. The plaintiff was required by court order to follow the arbitration award, and Chief Judge Kelly admitted at the September 28, 2005, hearing in front of the trial judge that the Third Judicial Circuit Court was not in compliance with the arbitration award and that she, as chief judge acting for the Third Judicial Circuit Court, had not followed the trial court's previous contempt order. See *Kirby, supra* at 40. The trial court ordered sanctions

against the plaintiff because the plaintiff, through Chief Judge Kelly, had expressly refused to comply with the trial court's previous order. This Court did not issue a stay of proceedings until after the trial court had ordered sanctions against the plaintiff. This Court should not interfere with a trial court's execution of its judicial power and overturn a contempt order and sanctions imposed unless the trial court abused its discretion in ordering the sanctions. The trial court did not abuse its discretion in exercising its inherent authority to hold parties in contempt for not following a court order, and the trial court was correct to subsequently order sanctions for noncompliance with its order. *Steingold, supra* at 157.

The majority's arbitrary decision not to impose the trial court's sanctions as long as the plaintiff initiates compliance by April 15, 2008, does not provide an explanation of whether the trial court abused its discretion in ordering the sanctions.

Although I concur with this Court's decision to deny the plaintiff's application for leave to appeal in this case, I dissent from the majority's decision to not immediately impose the sanctions ordered by the trial judge, but to instead condition the imposition of sanctions on whether the plaintiff initiates compliance with this Court's order by April 15, 2008. The Court's order supplies no written reasons for the majority's decision, as required by Const 1963, art 6, § 6, because no legal reason exists to justify the majority's decision. The trial court did not abuse its discretion in ordering immediate sanctions against the plaintiff for noncompliance with a court order, and this Court should not dilute the trial court's contempt power by now conditionally reversing the sanctions imposed.[3]

---

[3] The plaintiff, Third Judicial Circuit Court, employs Friend of the Court attorneys, some of whom are represented by the defendant, Judicial Attorneys Association (JAA), a labor organization. The parties' employment relationship has been governed by a collective bargaining agreement (CBA) since 1982. In 1998, during renegotiation of the CBA, the plaintiff agreed to a provision giving the defendant's members hiring preference over nonmembers for the position of domestic relations referee. The plaintiff subsequently combined the duties of its domestic relations referees and its juvenile referees to form the single position of "family division referee." In early 1999, immediately after the CBA was implemented, the plaintiff appointed a non-JAA member attorney to the position of family division referee. Although the newly hired attorney was assigned to the juvenile division, the plaintiff shortly thereafter transferred another referee from the court's juvenile division to the family division. The plaintiff, through its chief judge, subsequently appointed two other non-JAA attorneys as family division referees assigned to the juvenile division.

The defendant filed a grievance, asserting that the plaintiff was trying to circumvent the CBA by appointing referees to the juvenile division (calling them "family division referees" as opposed to "domestic relations referee") and then transferring the

newly appointed referees to the domestic relations division. The grievance was arbitrated, and, in a January 2000 ruling, the arbitrator found that the plaintiff's appointment of non-JAA member attorneys to the position of family division referee circumvented the requirements of the CBA. The arbitrator ordered that the defendant's members be appointed to the next three family division referee vacancies.

The plaintiff filed suit to vacate the arbitrator's decision and award. However, in July 2000, the trial court issued an opinion and order confirming the arbitration award. The plaintiff appealed, but then entered into a stipulation to dismiss the appeal, with prejudice, in June 2001.

The plaintiff posted its first family division referee vacancy after the arbitration award in August 2004. The plaintiff, through Chief Judge Mary Beth Kelly, appointed a non-JAA attorney to the post in November 2004. At the time, there was at least one JAA member qualified for the referee position. In December 2004, the defendant filed a motion to enforce the arbitration award and a motion for an order to show cause why the plaintiff should not be held in contempt for violating the arbitration award. The plaintiff did not deny that it had violated the arbitration award, but argued instead that none of the JAA members had the requisite experience to qualify for a position as a family division referee. In March 2005, almost five years after the arbitration award was entered, the plaintiff argued for the first time that it should be relieved from the arbitration award.

In April 2005, the trial court issued an order denying the plaintiff's request for relief from the arbitration order and granting the defendant's motion for an order to show cause why the plaintiff should not be held in contempt. The plaintiff appealed the trial court's order denying relief from the arbitration award. While the appeal was pending, the trial court conducted a show cause hearing and issued an order and memorandum of law finding the plaintiff in civil contempt. On May 26, 2005, the trial court held that in addition to filling the referee position with a JAA member, the plaintiff must pay any difference in compensation to the JAA member from the compensation that would have resulted had the JAA member been hired according to the original arbitration order. The trial court also held that the plaintiff must pay the defendant reasonable attorney fees and costs because the defendant had prevailed, under MCR 2.625 and MCR 2.626.

The plaintiff appealed the trial court's contempt order as of right in the Court of Appeals, but the Court of Appeals denied the appeal on September 15, 2005, for lack of merit in the grounds presented. The plaintiff appealed in this Court, and this Court entered a stay of proceedings on September 29, 2005. On September 28, 2005, Chief Judge Kelly appeared before the trial court and admitted that the plaintiff was still not in compliance with the trial court's order. The trial court assessed fines and sanctions. The trial court's contempt sanctions were imposed before this Court's stay order.

_____

This Court remanded the case to the Court of Appeals for consideration as on leave granted, while continuing the stay of proceedings. The Court of Appeals consolidated the plaintiff's pending appeals on the substantive issue of the validity of the arbitration order and the contempt order and affirmed the trial court on both issues. The plaintiff filed for leave to appeal in this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 21, 2007

_____
Clerk

d1218