# STATE OF MICHIGAN

# COURT OF APPEALS

GRIER, COPELAND & WILLIAMS, P.C.,

      Plaintiff-Appellee,

V

SHIRLEY T. SHERROD, M.D., P.C., and
SHIRLEY T. SHERROD, M.D.,

      Defendants-Appellants.

UNPUBLISHED
June 21, 2016

No.  325656
Wayne Circuit Court
LC No.  10-014567-CK

Before:  JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

In this action for the collection of legal fees, defendants appeal by delayed leave granted[1] the trial court order holding defendant Dr. Shirley T. Sherrod in civil contempt of court.  Because Dr. Sherrod was not provided adequate notice, we reverse the trial court's order and remand for any necessary proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2009, defendants hired plaintiff, a law firm, to represent them in a lawsuit initiated by Dr. Michael Sherman.  Plaintiff and defendants signed a retainer agreement, and plaintiff subsequently represented defendants in accordance with the contract for legal services.  However, defendants failed to pay the legal fees billed by plaintiff.  Plaintiff withdrew as counsel and initiated the instant case in December 2010, alleging breach of contract and requesting entry of a judgment against defendants for approximately $41,000 in unpaid legal fees.  Ultimately, a default judgment was entered against defendants in March 2011.

Subsequently, plaintiff sought payment of that judgment.  Defendants, however, either refused to pay or were unable to pay.  Between July 2012 and January 2014, a variety of proceedings occurred in this case,[2] including the scheduling of multiple creditor's examinations

---

[1] *Grier, Copeland & Williams PC v Shirley T. Sherrod, MD, PC*, unpublished order of the Court of Appeals, entered July 6, 2015 (Docket No. 325656).

[2] The result of multiple motions filed during this time period is unclear from the record received on appeal.

-1-

to determine the amount of liquid assets at Dr. Sherrod's disposal. Dr. Sherrod was either unresponsive during, or absent from, these examinations. Eventually, in January 2014, the trial court entered a notice of a judgment lien, which indicated that the current balance of the judgment was $51,768.45.

Shortly thereafter, plaintiff filed a motion requesting that the trial court enter an emergency order issuing a bench warrant for Dr. Sherrod's arrest. Plaintiff argued that Dr. Sherrod had failed to follow the court's orders, failed to appear for creditor's examinations, and willingly concealed assets from the trial court to avoid paying the default judgment. It also alleged that Dr. Sherrod had been avoiding service and was impossible to find. Thus, plaintiff requested permission to personally serve Dr. Sherrod with a notice of a creditor's examination while she was present in the Wayne Circuit Court for a proceeding related to the lawsuit against Dr. Sherman.

On February 3, 2014, the trial court granted plaintiff's motion, finding that Dr. Sherrod deliberately evaded personal service and permitting plaintiff to personally serve Dr. Sherrod while she was in court. The order indicated that the creditor's examination would be held that same day, beginning immediately following the conclusion of the trial in the Sherman case, and stated that Dr. Sherrod would be held in contempt of court if she failed to attend.

At a hearing before the trial court later that day, plaintiff asserted that Dr. Sherrod had disappeared without attending the creditor's examination, even though she had been personally served in court, as permitted by the trial court's order. Michael Sugameli appeared on the record on behalf of Dr. Sherrod and the corporation. Sugameli stated that he was the attorney for defendants in the Sherman case and that he had no knowledge of the facts in this case. However, the trial court deemed Sugameli to be defendants' attorney in the instant collection action in light of its belief that defendants' former attorney had withdrawn and the fact that both cases involved the same subject matter. Sugameli then asserted to the court that Dr. Sherrod had reported to the creditor's examination, but she fainted and had to be taken to the hospital. Plaintiff insinuated that Dr. Sherrod feigned fainting in order to avoid questioning at the creditor's exam and was not, in fact, ill. Ultimately, the trial court stated on the record that Dr. Sherrod would not be held in contempt because she actually had appeared for the creditor's examination. However, the court also held that the examination would be continued on Friday, February 7, 2014, and that plaintiff was permitted to serve defendants notice of that exam through Sugameli.

On February 6, 2014, the trial court entered an order inconsistent with its holding on the record, finding Dr. Sherrod in contempt of court due to her failure to comply with its February 3, 2014 order and stating that a bench warrant would be issued for her arrest. The order also stated that Dr. Sherrod was required to appear for a creditor's examination on February 7, 2014, and that notice of that hearing could be served on Sugameli.

When Dr. Sherrod failed to appear for the examination scheduled for February 7, 2014, the trial court entered an order once again finding Dr. Sherrod to be in contempt of court. In pertinent part, the February 13, 2014 order stated that another bench warrant would be issued for Dr. Sherrod's arrest, that Dr. Sherrod could cure the civil contempt only by appearing before the trial court and posting bond in the amount of $50,000, and that Sugameli must accept service on behalf of defendants.

In April 2014, the trial court granted defendants' motion to stay the instant action and quash the bench warrant given the fact that Dr. Sherrod had filed for bankruptcy in the U.S. District Court for the Northern District of Illinois. The court expressly canceled the bench warrant, finding that it was required to do so under federal law after Dr. Sherrod filed for bankruptcy.

The bankruptcy case was dismissed in June 2014. In response to that dismissal, plaintiff filed a motion requesting that the trial court reissue the bench warrant, issue sanctions against defendants, and require that Dr. Sherrod appear for a creditor's exam. Plaintiff also raised a series of other claims, including that Dr. Sherrod was concealing her assets. In particular, plaintiff asked the court to increase the posted bond to $250,000 in light of Dr. Sherrod's ongoing scheme to repudiate the trial court's authority and avoid payment of the judgment. Plaintiff also alleged that defendants' conduct warranted the imposition of $25,000 in sanctions against defendants and payable to plaintiff. Finally, plaintiff moved the trial court to permit service of the motion to defendants' last known business and home addresses, due to Dr. Sherrod's continued avoidance of service.[3]

On July 11, 2014, plaintiff filed a proof of service of the aforementioned motion with the trial court. The proof of service indicated that notice had been mailed to three addresses: 2631 South Indiana #1911, Chicago, IL 60616; 1672 Lone Pine Road, Bloomfield Hills, MI 48302; and 27 Doris, Detroit, MI 48203.[4]

On July 18, 2014, the trial court held a hearing on plaintiff's motion. Defendants had not responded to the motion, and they were not present at the motion hearing. Plaintiff reiterated its claims regarding Dr. Sherrod's evasive conduct throughout this case, including her failure to comply with the court's orders that she appear for a creditor's examination and her failure to pay the default judgment. It also argued that Dr. Sherrod had feigned illnesses and fainting. The trial court stated that it would grant plaintiff's motion and asked if plaintiff was aware of where Dr. Sherrod resided. Plaintiff indicated that notice had been served by mail to the three addresses listed on the proof of service. The trial court responded, "Okay, good luck. You can submit the order." Notably, before the trial court entered its order, (1) there was no discussion of the nature of Dr. Sherrod's alleged illness at the hearing, (2) service was never provided to Sugameli, and (3) the trial court never entered an order permitting plaintiff's alternate service of notice regarding the contempt hearing.

On July 21, 2014, consistent with its statements on the record, the trial court entered an order holding Dr. Sherrod in civil contempt and ordering the issuance of a bench warrant for her arrest. The trial court's order stated that defendants could only purge the contempt by appearing before the trial court, posting a $250,000 bond, and complying with the trial court's order to provide full and complete testimony at a creditor's examination. The order included a penalty of

---

[3] There was no mention of Sugameli or service to him or his firm.

[4] There was no order on the record approving this form of service at the time the proof of service was filed.

$75 for each day that Dr. Sherrod failed to appear and cure the contempt. Finally, the trial court ordered that $25,000 in sanctions were payable to plaintiff within five days of the subject order.

## II. STANDARD OF REVIEW

"We review a trial court's issuance of a contempt order for an abuse of discretion and the factual findings supporting the order for clear error." *In re Moroun*, 295 Mich App 312, 335; 814 NW2d 319 (2012). "The abuse of discretion standard recognizes that there will be circumstances where there is no single correct outcome and which require us to defer to the trial court's judgment; reversal is warranted only when the trial court's decision is outside the range of principled outcomes." *Porter v Porter*, 285 Mich App 450, 455; 776 NW2d 377 (2009). We review *de novo* questions of law concerning the civil contempt order and proceedings, *id.*, including "[w]hether a person has been afforded due process[.]" *In re Moroun*, 295 Mich App at 331. Likewise, we review *de novo* the interpretation and application of statutes and court rules. *Id.* at 336.

## III. ANALYSIS

Trial courts have both "inherent independent authority" and statutory authority to hold a person in contempt. *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995); see also MCL 600.1701 *et seq*. In Michigan, the governing statute providing circuit courts with authority to hold a party to an action in contempt is MCL 600.1701. In relevant part, MCL 600.1701 provides:

> The supreme court, circuit court, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases:
>
> * * *
>
> (g) Parties to actions, attorneys, counselors, and all other persons for disobeying any lawful order, decree, or process of the court.

Different procedures apply to the punishment of contempt that occurs before the trial court and contempt that occurs outside of the presence of the trial court. MCL 600.1711; *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 712-713; 624 NW2d 443 (2000). "When any contempt is committed in the immediate view and presence of the court, the court may punish it summarily by fine, or imprisonment, or both." MCL 600.1711(1). However, MCL 600.1711(2) imposes a higher burden for establishing contempt outside the court's view: "When any contempt is committed other than in the immediate view and presence of the court, the court may punish it by fine or imprisonment, or both, after proof of the facts charged has been made by affidavit or other method and opportunity has been given to defend." Likewise, when a party's disobedience of a trial court order occurred outside the court's presence, the court must comply with the procedures under MCR 3.606 in punishing that contempt. *S Abraham & Sons, Inc v Dep't of Treasury*, 260 Mich App 1, 24 n 11; 677 NW2d 31 (2003).

Consistent with the language of the trial court's July 21, 2014 order, this Court previously determined that the contempt proceedings in the matter before us are civil in nature. See *Grier*

-4-

*Copeland & Williams, PC v Shirley T Sherrod, MD, PC*, unpublished order of the Court of Appeals, entered August 26, 2014 (Docket No. 323117) (dismissing defendants' claim of appeal for lack of jurisdiction, as an order finding a party in *civil* contempt is not a final order appealable as of right).

> In civil contempt proceedings, a trial court employs its contempt power to coerce compliance with a present or future obligation, including compliance with a court order, to reimburse the complainant for costs incurred as a result of contemptuous behavior, or both. Civil contempt proceedings seek compliance through the imposition of sanctions of indefinite duration, terminable upon the contemnor's compliance or inability to comply. [*In re Moroun*, 295 Mich App at 331 (quotation marks and citations omitted).]

"When exercising its civil contempt power, the court acts as the factfinder, determines whether there was contempt under a preponderance of the evidence standard, and imposes sanctions if this standard is met." *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 712. During such proceedings, "the accused must be accorded rudimentary due process, i.e., notice and an opportunity to present a defense, and the party seeking enforcement of the court's order bears the burden of proving by a preponderance of the evidence that the order was violated." *Porter*, 285 Mich App at 457. Notably, "[w]hen proceedings for contempt for disobeying any order of the court are initiated, the notice or order shall be personally delivered to such party, unless otherwise specially ordered by the court." MCL 600.1968(4); see also MCR 2.107(B)(1)(b) ("When a contempt proceeding for disobeying a court order is initiated, the notice or order must be personally delivered to the party[.]"); *S Abraham & Sons*, 260 Mich App at 24 n 11; *In re Contempt of Steingold*, 244 Mich App 153, 158; 624 NW2d 504 (2000). "The use of 'shall' in a statute generally 'indicates a mandatory and imperative directive.' " *Michigan Ed Ass'n v Secretary of State*, 489 Mich 194, 218; 801 NW2d 35 (2011) (citation omitted).

Here, defendants did not receive personal notice of the July 18, 2014 contempt hearing. Instead, plaintiff mailed the notice to defendants' three last known addresses. Although plaintiff moved the trial court to permit alternate service, the trial court never granted that portion of plaintiff's motion. Further, the notice was mailed before the trial court even considered the motion for alternate service. Thus, because plaintiff failed to provide personally delivered notice to Dr. Sherrod prior to the contempt proceedings, proper notice was not provided. MCL 600.1968(4); MCR 2.107(B)(1)(b); *In re Contempt of Steingold*, 244 Mich App at 158.

On this record, as egregious as Dr. Sherrod's actions may seem, we are constrained to conclude that defendants were not provided with the "rudimentary due process" required for civil contempt proceedings, as, at the very least, notice and an opportunity to defend are mandatory to protect a party's due process rights. *Porter*, 285 Mich App at 457. Thus, reversal is required. See *id*.; see also MCL 600.1711(2).

Plaintiff argues that this procedural error was harmless and, therefore, reversal is not required pursuant to MCR 2.613(A). We must disagree. There is no indication in the record that defendants actually had any notice of the proceedings, even by mail. Further, the record shows that defendants had a potentially viable defense to a finding of contempt: the claim that Dr. Sherrod was unable to attend the February 3, 2014 creditor's examination because she was ill.

Additionally, when Dr. Sherrod previously received an order to appear under a threat of contempt, she presented herself as required under the order. Therefore, we conclude that it would be "inconsistent with substantial justice" for this Court to affirm the trial court's order when Dr. Sherrod was not provided proper notice and afforded an opportunity to present her defense that she was too ill participate in the hearings and examinations. See MCR 2.613(A).

Although we conclude that reversal is warranted solely on the basis of the lack of notice in this case, we are troubled by other aspects of the contempt proceedings. Thus, we find it necessary to remind the court of procedural requirements that are mandatory in civil contempt proceedings in the event that such proceedings are initiated once again below. First, "[w]hen adjudicating contempt proceedings without a jury, a court must make findings of fact, state its conclusions of law, and direct entry of the appropriate judgment." *In re Contempt of Henry*, 282 Mich App 656, 674; 765 NW2d 44 (2009); see also *DeGeorge*, 276 Mich App at 596 ("A court that is adjudicating contempt proceedings without a jury must make findings of fact."). Additionally, we remind the trial court that contempt must be established by a preponderance of the evidence. *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 712. We are doubtful that plaintiff's bald assertions that Dr. Sherrod feigned illness are sufficient to fulfill that standard without additional supporting evidence.

Finally, we remind the court that MCL 600.1715(1) provides that a fine imposed as punishment for contempt may not be greater than $7,500. MCL 600.1721, however, permits the imposition of compensatory damages if the party's "alleged misconduct has caused an actual loss or injury to any person." It is likely in this case that plaintiff accrued some costs in addressing the disobedience that gave rise to Dr. Sherrod's alleged contempt. In the future, however, the court should delineate the basis for all fines or monetary damages that it imposes, including the factual basis of damages actually sustained, to ensure compliance with the applicable statutes. The trial court's "contempt power is awesome and must be used with the utmost restraint," meaning that the sanction imposed must be the least that is necessary to achieve its purpose. *In re Contempt of Dudzinski*, 257 Mich App 96, 109; 667 NW2d 68 (2003) (quotation marks and citations omitted).

## IV. CONCLUSION

Reversed and remanded for further proceedings, if necessary. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan

-6-