*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS A. FERRANTI,

        Plaintiff-Appellant,

and

FRANCYNE B. STACEY,

        Appellant,

v

ELECTRICAL RESOURCES COMPANY and
TERRY GRIEVE,

        Defendants-Appellees.

FOR PUBLICATION
November 19, 2019
9:05 a.m.

No. 342934
Livingston Circuit Court
LC No. 16-029044-CD

Before: BORRELLO, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Appellants, plaintiff Thomas A. Ferranti and his counsel, Francyne B. Stacey, appeal by leave granted the trial court order denying discovery following a show cause notice of criminal contempt, arising from a purported violation of a discovery order.[1] We reverse.

## I. BASIC FACTS

Ferranti was a sales representative for defendant, Electrical Resources Company (Company). He left the Company in 2015, and brought a lawsuit alleging age discrimination and failure to pay sales commissions against the Company and one of its employees, defendant Terry L. Grieve. During discovery, appellants sought to examine the Company's sales records. The

---

[1] *Ferranti v Electrical Resources Co*, unpublished order of the Court of Appeals, entered October 10, 2018 (Docket No. 342934).

parties stipulated to a discovery order that required the Company to provide Ferranti's expert with access to the sales records, which were stored in a cloud-based server called Epicor. The order provided, in relevant part, as follows:

> Plaintiff's forensic expert, Fortz Legal, shall be provided access to and the opportunity to copy all sales information contained in Defendant Electric Resources Company's ("ERC") electronic sales records from October 2014 up to and including the present. Plaintiff's expert may specifically access any customer or sales tracking or cloud software or services utilized by ERC during the stated time period.

Ferranti's expert encountered problems accessing the electronic sales records. After an exchange of e-mails across numerous dates, Stacey, Ferranti's counsel, then requested that the Company's counsel send a username and password to access the records via the internet. The Company's counsel sent the username and password to Stacey.[2]

Stacey gave the username and password to Ferranti, and he accessed the records, downloaded certain records, and sent the downloaded records to Stacey electronically. An Epicor specialist later determined that a user who logged in with the provided username and password during the same timeframe had modified or removed metadata from the electronic records. Ferranti acknowledged that he had accessed the records, but denied intentionally modifying or removing any data.

The Company filed a motion to dismiss the civil suit as a sanction for violation of the stipulated discovery order. In the same motion, the Company sought to hold appellants in criminal contempt for violation of the stipulated order. The trial court held a hearing on the contempt motion and, after confirming that the Company wished to proceed with criminal contempt, the court advised appellants of the contempt allegations. Appellants stood mute to the charges, and the court entered not guilty pleas on their behalf. The court appointed defense counsel to act as the prosecutor in the criminal contempt proceeding. Appellants retained separate counsel, and a motion for discovery was filed on their behalf. The discovery motion included a request for documents in accordance with MCR 6.201(B)(1) as well as the opportunity for an independent forensic examination of relevant stored documents and files among other items. Defendants opposed the motion, asserting that appellants were seeking discovery and information pertinent to restitution that presented an inquiry separate and distinct from the criminal contempt. The trial court denied the motion for discovery. We granted appellants' application for leave to appeal.

## II. CRIMINAL CONTEMPT SHOW CAUSE AFFIDAVIT

---

[2] Although there is an extensive e-mail discussion between counsel for the parties regarding a different expert, access, and fees, we render no opinion regarding whether this discussion fell within the confines of the disputed stipulated order, particularly where it is unclear if all e-mail communications were submitted in the lower court record.

Appellants initially contend that the information provided to the trial court was insufficient to warrant the issuance of an order to show cause for criminal contempt. We agree. A trial court's decision regarding a contempt motion is reviewed for an abuse of discretion, while its factual findings are reviewed for clear error. *DeGeorge v Warheit*, 276 Mich App 587, 591; 741 NW2d 384 (2007). "If the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *Taylor v Currie*, 277 Mich App 85, 99; 743 NW2d 571 (2007). Further, "[c]lear error exists when this Court is left with the definite and firm conviction that a mistake was made." *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). Additionally, questions of law related to the trial court's decision are reviewed de novo. *Id.*

A trial court has inherent and statutory authority to enforce its orders. MCL 600.611; MCL 600.1711; MCL 600.1715. "Contempt of court is defined as 'a willful act, omission, or statement that tends to . . . impede the functioning of a court.' " *In re Contempt of Dudzinski*, 257 Mich App 96, 108; 667 NW2d 68 (2003) (quotation marks and citation omitted). MCR 3.606(A), which specifically governs the initiation of contempt proceedings for conduct occurring outside the immediate presence of the court, states as follows:

> Initiation of Proceeding. For a contempt committed outside the immediate view and presence of the court, on a proper showing on ex parte motion supported by affidavits, the court shall either
>
> (1) order the accused person to show cause, at a reasonable time specified in the order, why that person should not be punished for the alleged misconduct; or
>
> (2) issue a bench warrant for the arrest of the person.

Accordingly, a trial court's order to show cause why a party should not be held in contempt must be based on "a proper showing on ex parte motion supported by affidavits." MCR 3.606. There must be "a sufficient foundation of competent evidence and legitimate inferences therefrom" before a show-cause order may be issued. *In re Contempt of Steingold*, 244 Mich App 153, 158; 624 NW2d 504 (2000) (quotation marks and citation omitted). To be valid, an affidavit in a contempt proceeding must be made by someone who has personal knowledge of the facts stated in the affidavit. *Id.* The affidavit must sufficiently state facts that, along with legitimate inferences from the facts, constitute contempt as a matter of law. *Id.* To establish criminal contempt, the charged party must have willfully disregarded or willfully disobeyed a court order. *People v Mysliwiec*, 315 Mich App 414, 416-417; 890 NW2d 691 (2016).

In this case, defendants sought dismissal of the civil case on the basis that appellants, or someone else who was provided the username and password, had "manipulated metadata," moved documents within the system, and attempted to modify the account password. Further, defendants sought to hold appellants in criminal contempt for violation of the stipulated order and suggested that they be required to pay any costs incurred in restoring their records to their original configuration. However, at the time of filing their motion, defendants attached an unexecuted affidavit stating that metadata was modified or deleted. The attached affidavit did

not sufficiently state facts that, along with legitimate inferences from the facts, constitute contempt as a matter of law.

First, the affidavit did not identify any specific orders that were violated, identify any contemptuous actions, or even identify the individual or individuals responsible for the alleged conduct.[3]  Further, the affidavit did not meet the requirements of an affidavit under MCR 2.119(B)(1), which requires the affidavit to:

> (a) be made on personal knowledge;

> (b) state with particularity facts admissible as evidence establishing or denying the grounds stated in the motion; and

> (c) show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated in the affidavit.

As noted above, at the time that defendants filed the motion, the affidavit submitted was unexecuted and unsworn.  The affidavit was later executed by Mark Sanges, a technical support manager for DocStar.  At Sanges's deposition, he indicated that he provided the content for his affidavit "after asking members of [his] support team and [the] operations team to pull the data that was being requested."  Thus, the affidavit that he ultimately signed was not necessarily premised on personal knowledge.  Further, Sanges was not aware whether the username associated with the audited activity was provided to Ferranti.  Accordingly, it is clear that he could not establish that Ferranti was responsible for the changes made in DocStar or violated any order.  Additionally, while Sanges acknowledged that the system could recognize that changes were made to certain documents, he could not detail what changes were made or whether the contents of the documents were modified.  Accordingly, Sanges's affidavit, even when coupled with his testimony, remained insufficient to establish contemptuous acts.  "If an inadequate affidavit is the predicate which underlies the contempt proceeding or if no affidavit at all accompanies the petition, the court lacks jurisdiction over the person of the alleged contemnor." *In re Contempt of Steingold*, 244 Mich App at 159 (citation and quotation marks omitted).  Accordingly, the trial court erred by ordering a show-cause hearing on the basis of the submitted affidavit.

## III.  DISCOVERY[4]

---

[3] The affidavit submitted in support of the motion seeking dismissal and criminal contempt did not contain a name of the DocStar employee or his title at the company.  Moreover, it merely delineated a series of modifications on four different dates, correlated to a user with a specific login, the same login that was given to Stacey.

[4] Because defendants may seek to correct any defects in the affidavit proffered in support of the order to show cause of criminal contempt, we provide the following direction for purposes of guidance on remand.

Appellants also contend that the trial court improperly denied their request for discovery in light of the deprivation of rights, including imprisonment, and consequences associated with criminal contempt.[5] We agree.

"The power to hold a party, attorney, or other person in contempt is the ultimate sanction the trial court has within its arsenal, allowing it to punish past transgressions, compel future adherence to the rules of engagement, i.e., the court rules and court orders, or compensate the complainant." *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 708, 624 NW2d 443 (2000). Because contempt power is so great, it has the equally great responsibility to be applied judiciously and only when clearly and unequivocally shown. *Id*. "Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both." *In re Contempt of Henry,* 282 Mich App at 666 (quotation marks and citations omitted).

> Although criminal contempt is really only a "quasi-crime," criminal contempt proceedings encompass many of the same due process safeguards available to defendants charged with traditional crimes. For instance, an alleged criminal contemnor is presumed innocent and is protected from compelled self-incrimination. The alleged contemnor must be allowed to offer a defense to the contempt charge, as well as adequate time in which to prepare the defense. [*In re Contempt of Auto Club Ins Ass'n*, 243 Mich App at 713-714 (citation omitted).]

Criminal contempt proceedings require some of the due process safeguards provided in an ordinary criminal trial. *Porter v Porter*, 285 Mich App 450, 456; 776 NW2d 377 (2009). Therefore, an individual charged with criminal contempt is presumed innocent, must be informed of the nature of the charge, has the right against self-incrimination, has the opportunity to prepare a defense, has the opportunity to secure counsel, and the contempt must be proven beyond a reasonable doubt. *Id*. Further, criminal penalties may not be imposed upon an individual who was not afforded the protections that the Constitution requires in criminal proceedings. *Int'l Union, United Mine Workers of America v Bagwell*, 512 US 821, 826; 114 S Ct 2552; 129 L Ed 2d 642 (1994).

"No person shall be . . . deprived of life, liberty or property, without due process of law." Const 1963, art 1, § 17. While Michigan courts have recognized that there is no general constitutional right to discovery, *People v Elston*, 462 Mich 751, 765; 614 NW2d 595 (2000), it is well-established that disclosure of exculpatory material and impeachment evidence is mandated by due-process principles, *People v Lester*, 232 Mich App 262, 281; 591 NW2d 267

---

[5] We note that in discussing the discovery issue, the trial court noted that the issue was limited to whether there was a violation of a court order. Although defendants' counsel concurred in that representation, counsel acknowledged that it would pursue "restitution." However, the contempt statutes address penalties, MCL 600.1715, and damages of actual loss or injury, MCL 600.1721. Because the issue of contempt as raised by defendants was not limited to a correction of appellants' acts or behavior, but sought to be made whole for the alleged acts, it rendered the issue of actual loss pertinent to the purported criminal contempt.

(1998), overruled on other grounds *People v Chenault*, 495 Mich 142, 145; 845 NW2d 731 (2014). The essence of the right of due process is the principle of fundamental fairness. *In re Adams Estate,* 257 Mich App 230, 233-234; 667 NW2d 904 (2003). What process is due in a particular proceeding depends on the nature of the proceeding, the risks involved, and the private and governmental interests that might be affected. *In re Brock,* 442 Mich 101, 111; 499 NW2d 752 (1993).

The purposes of discovery are to promote the fullest possible presentation of the facts, minimize the opportunities for falsification of evidence, and eliminate vestiges of trial by combat. *People v Valeck*, 223 Mich App 48, 51-52; 566 NW2d 26 (1997). Under the Michigan Rules of Professional Conduct, a prosecutor has a duty to timely disclose to the defense all evidence and information known that tends to negate the defendant's guilt or mitigates the degree of the offense. MRPC 3.8(d); *People v Aldrich*, 246 Mich App 101, 111; 631 NW2d 67 (2001). Further, in criminal proceedings, except for information protected from disclosure by constitution, statute, or privilege, MCR 6.201(C); *People v Holtzman*, 234 Mich App 166, 181; 593 NW2d 617 (1999), a party must provide to all other parties, upon request, the following information about witnesses or evidence that the party intends to produce at trial: (1) names and addresses of all lay and expert witnesses or the names of witnesses and an opportunity to interview them; (2) any written or recorded statement pertaining to the case by a lay witness, except that a defendant is not obliged to provide the defendant's own statement; (3) the curriculum vitae of an expert the party might call at trial and the expert's report or a written description of the substance of the testimony, the expert's opinion, and the basis for that opinion; (4) any criminal record intended for impeachment purposes; (5) a description or list of criminal convictions known to the party of any witness that the party might call at trial; and (6) a description of and opportunity to inspect any tangible physical evidence, including documents, with copies provided on request, MCR 6.201(A); *People v Greenfield* (*On Reconsideration*), 271 Mich App 442, 449-450; 722 NW2d 254 (2006).

Pertinent to this appeal, the court may also order that a party be given the opportunity to test, without destruction, any tangible physical evidence upon a showing of good cause. MCR 6.201(A)(6); *Greenfield*, 271 Mich App at 450. Further, on good cause shown, the court may order a modification of the requirements and limitations of the rule. MCR 6.201(I).

We conclude that the nature of criminal contempt, the necessity for due process, and the possibility of imprisonment as a penalty warrant application of the court rules governing discovery, MCR 6.201. However, we decline to set specific parameters regarding the extent and timing of the discovery. Rather, we have entrusted the broad power of the trial court to exercise its discretion regarding the extent of discovery, particularly to prevent ambush and surprise. *People v Lemcool (After Remand)*, 445 Mich 491, 497-498; 518 NW2d 437 (1994). Accordingly, if defendants seek to cure the defect in the affidavit, the scope of discovery in the

criminal contempt proceeding must be presented to the trial court in accordance with MCR 6.201.[6]

## IV. APPOINTMENT OF PROSECUTOR

Finally, appellants challenge the appointment of defense counsel as the prosecutor. However, this Court has previously indicated that a private party's attorney may act as the prosecutor in a criminal contempt proceeding. *In re Contempt of Henry*, 282 Mich App at 666; *DeGeorge*, 276 Mich App at 600. Moreover, defense counsel represented that a new member of her firm would pursue the contempt, and he appeared and argued the discovery issues. This claim of error is without merit under the circumstances.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

[6] We note that civil contempt only requires that an accused be accorded "rudimentary due process." *Cassidy v Cassidy*, 318 Mich App 463, 506; 899 NW2d 65 (2017). That is, the accused need only be given notice and an opportunity to present a defense, and the burden of proof is preponderance of the evidence. *Id*. Yet, defendants chose not to pursue this course of action.